CITY OF SAN ANTONIO, Appellant,

v.

Joe KUYKENDALL, et al., Appellees.

No. 04–87–00457–CV.

Court of Appeals of Texas,
San Antonio.

March 9, 1988.

Rehearing Denied April 14, 1988.

Paula Dlugosz, Asst. City Atty., San Antonio, for appellant.

B. Craig Deats, Austin, for appellees.

Before BUTTS and CHAPA, JJ., and GERALD T. BISSETT, Assigned Justice.

## OPINION

GERALD T. BISSETT, Assigned Justice *.

This is an appeal from the granting of a summary judgment in favor of Joe Kuykendall, Gilbert Zepeda, and Robert Rabenaldt, plaintiffs in the trial court and appellees in this Court, and the denial of a

* Assigned by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE § 74.003(b) (Vernon 1988).

1. Subsequent to the events which gave rise to this action and to the District Court's judgment,

summary judgment in favor of the City of San Antonio, defendant in the trial court and appellant in this Court. We affirm.

The sole issue before this Court is the interpretation of TEX.REV.CIV.STAT. ANN. art. 1269m, § 26(e), hereinafter referred to as "§ 26(e)," [1] which, in pertinent part stated:

Provided that all such cities coming under the provisions of this Act shall provide injury leaves of absence and line of duty illness leaves of absence for Firemen and Policemen with full pay for periods of time commensurate with the nature of the line of duty illness or injuries for at least one (1) year. At the expiration of said one-year period, the City Council or governing body may extend such line of duty illness or injury leave at full or reduced pay ...

The appellant interprets § 26(e) to require an employer to provide an employee with injury leave for each day of work missed, due to a work injury, within a one year period from the date of injury. The appellees interpret § 26(e) to require an employer to provide an employee with injury leave for work missed for a total of one year as needed for the injury. The trial court awarded each appellee a specified amount of additional injury leave and attorneys' fees. The trial court construed the words "one year," as used in the statute, to mean a total of one year of injury leave. Summary judgment for the plaintiffs (appellees) was granted on that basis.

The appellant, in a single point of error, contends that "the trial court erred when she construed the year of injury leave which art. 1269m, § 26(e) requires defendant to provide to fire fighters to mean a total of one year at periods of time commensurate with their injuries instead of one calendar year or twelve (12) consecutive months."

The facts are undisputed. All of the plaintiffs were employed by the appellant

art. 1269m was codified by the legislature as part of the continuing codification of the Revised Civil Statutes. Art. 1269m, § 26(e) is now found in slightly altered form at TEX.GOV'T CODE § 143.073(a) (Vernon 1988).

as firemen (fire fighters) at the time they sustained injuries in the line of duty. As such, they were covered by § 26(e).

Joe Kuykendall was injured on July 9, 1982. Because of that injury he received injury leave from September 15, 1982 to November 6, 1982 and from May 22, 1983 until July 8, 1983. Beginning on July 9, 1983, he was placed on sick leave where he remained until he retired on January 1, 1984.

Gilbert Zepeda was injured on March 13, 1981. He received two (2) days of injury leave in June of 1981, and was again placed on injury leave from November 13, 1981 until March 12, 1982. He was then placed on sick leave until he returned to work on November 15, 1982.

Robert Rabenaldt was injured on September 7, 1983. He was placed on injury leave until January 21, 1984. On June 27, 1984, he again was placed on injury leave which continued until September 6, 1984. He was then placed on sick leave where he remained until he retired.

The appellant discontinued each of the appellees' injury leaves exactly one year after the date of injury. Each appellee was still disabled due to the work injury and each had received less than one full year of injury leave on the date injury leave was discontinued.

"In construing a statute, if the legislature does not define a term, its ordinary meaning will be applied." *Hopkins v. Spring Independent School District*, 736 S.W.2d 617, 619 (Tex.1987). The legislature did not define the words "one year" in the statute, and we follow the above rule in deciding this case.

The proper interpretation of § 26(e) requires a city to provide its fire fighters with line of duty *injury leave* for up to a full one year period at whatever times the injured fire fighter is unable to work due to the injury. Neither the language of § 26(e), nor the case law interpreting that section, limits a fire fighter's right to receive injury leave beyond a year after the date of the injury when the fire fighter is still disabled and has not yet received one year of injury leave. To the contrary, both

the language of § 26(e) and the case law analyzing the statute support an interpretation that guarantees an injured fire fighter up to one year of injury leave that may be used as needed "... for periods of time commensurate with the nature of the ... injuries." Any interpretation of this language based on its ordinary meaning must recognize two important concepts that are contained within the statutory provision. First, the use of the plural words "periods" and "leaves" in the statute rather than the singular indicates that more than one period of leave shall be provided for a line of duty illness or injury if it is necessary. Second, the periods of time to be provided must be *commensurate* with the *nature* of the illness or injury in question. This language indicates that the leave must be proportionate to, or in line with, the injury or illness sustained by a fire fighter. A one-year period which, in all cases, begins on the date of injury and runs immediately for only twelve consecutive months from the date of the injury does not provide a leave of absence commensurate with an injury which produces disability at a later date. A leave of absence can be commensurate with the illness or injury only if it is provided at the particular times when the employee is disabled by the injury in question.

The Amarillo Court of Appeals interpreted § 26(e) to provide injury leave as needed for up to one (1) year in *City of Lubbock v. Goodwin*, 608 S.W.2d 835 (Tex.Civ.App.— Amarillo 1980, writ ref'd n.r.e.). The fire fighter in *Goodwin* injured his knee in line of duty work in June, 1975. Although he experienced some pain and discomfort immediately following the injury, he did not become disabled until March, 1978, almost three years after his injury. He requested one year of injury leave pursuant to § 26(e) on the grounds that his disability resulted from the 1975 work-related injury. The City denied the fire fighter's request for leave. Both the trial court and the Court of Appeals found the fire fighter was entitled to § 26(e) injury leave given the connection between the 1978 disability and the 1975 injury.

The trial court's interpretation does not contravene the plain meaning of "one

year" as used in § 26(e). The appellant's argument concerning the plain meaning of "one year," a calendar year of twelve consecutive months from the date of injury, ignores the basic rule of statutory construction that "statutory provisions are not to be isolated from the surrounding language and construed apart from their context." *Jessen Associates, Inc. v. Bullock*, 531 S.W.2d 593, 601 (Tex.1975). The first sentence of § 26(e) must be read as a whole, and in its entirety, instead of focusing on only the two words "one year." When that is done, it is evident that the trial court's construction of the statute is correct. The "one (1) year," as used in the statute, clearly suggests a period of injury leave for a full year, which is to be used as necessitated by the nature of the injury.

The second sentence of § 26(e) does not lend support to the appellant's interpretation of the statute. That sentence states, in pertinent part:

> At the expiration of said one-year period, the City Council or governing body may extend such line of duty illness or injury leave at full or reduced pay....

The appellant contends from this language that the one-year period in the first sentence must be the year immediately following the date of injury. This is not necessarily the case. The one-year period could as easily mean a one-year period of injury leave. There will, in all probability, be situations where a fire fighter will exhaust a year of injury leave prior to recovering and thus be entitled to consideration for optional leave under the second sentence.

The appellant next argues that the trial court's ruling is contrary to the general rule of statutory construction that "if a statute creates a liability unknown to the common law, or deprives a person of a common law right, the statute will be strictly construed in the sense that it will not be extended beyond its plain meaning or applied to cases not clearly within its purview." *Satterfield v. Satterfield*, 448 S.W.2d 456, 459 (Tex.1969). The trial court did not violate this rule, because its ruling neither extends § 26(e) beyond its plain meaning nor applies it to a case not within the statute's purview.

The language of the newly enacted TEX. GOV'T CODE § 143.073(a), states:

> A municipality shall provide to a fire fighter or police officer a leave of absence for an illness or injury related to the person's line of duty. The leave is with full pay for a period commensurate with the nature of the line of duty illness or injury. If necessary, the leave shall continue for at least one year.

That language is not inconsistent with the language of § 26(e), as argued by the appellant. The statute states that *leave*, which is to be commensurate with the nature of the injury, will continue for *at least one year*. It does not say the period during which leave may be taken will continue for one year from the date of injury. Thus, even if the new code section is used as an interpretative aid, it does not support the argument advanced by the appellant. Moreover, the legislature, in enacting the TEX.GOV'T CODE, expressly stated that no substantive change in the law was intended.

We hold that the trial court properly granted summary judgment to the plaintiffs and denied summary judgment to the appellant.

The judgment of the trial court is affirmed.