Scott R. BELL, Christopher W. Bly, John T. Blake, Darwyn B. Case, Mark Fischer, Boyd Hansbro, David P. Lane, Thomas Lee Mendenhall, Branten C. Rose, Derek Townsend, and Darrell Vick, Appellants,

v.

CITY OF GRAND PRAIRIE, TEXAS, Appellee.

No. 05–03–01749–CV.

Court of Appeals of Texas, Dallas.

April 20, 2005.

---

B. Craig Deats, Deats & Levy, P.C., Austin, for Appellants.

Bettye S. Lynn, Lynn, Pham, Moore & Ross, P.C., Fort Worth, Donald R. Postell, City Atty., Grand Prairie, for Appellee.

Before Justices MOSELEY, FRANCIS, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

Scott R. Bell, Christopher W. Bly, John T. Blake, Darwyn B. Case, Mark Fischer, Boyd Hansbro, David P. Lane, Thomas Lee Mendenhall, Branten C. Rose, Derek Townsend, and Darrell Vick are firefighters for the City of Grand Prairie, Texas (the City) who sued the City for violating their seniority pay rights under chapter 143 of the Texas Local Government Code. The City filed a plea to the jurisdiction asserting governmental immunity from suit, which the trial court granted, dismissing appellants' suit. Appellants contend (1) the City's immunity from suit was waived by chapter 143 of the Texas Local Government Code, and (2) if the City is immune from suit, then the trial court erred in dismissing their claims with prejudice. We affirm the trial court's judgment.

## BACKGROUND

The City's relationship with its fire and police departments is governed by the Fire Fighter and Police Officer Civil Service Act, chapter 143 of the Texas Local Government Code. Under the Act, the City provides different classifications of firefighters, with all firefighters in each classification receiving the same base pay. In 1998, the City added a system of steps

within each classification. There were seven steps, and a firefighter moved through them based on seniority at a rate of one step per year until he reached the top step within the classification. Appellants allege they were started a step too low based on their seniority and, thus, have not been paid the same as similarly situated firefighters. They sued the City seeking (1) a declaration the City had violated the Act by not paying them the same as similarly situated firefighters; (2) a permanent injunction barring the City from failing to pay them correctly; (3) back pay and benefits; and (4) attorney's fees, costs, and pre- and post-judgment interest.

The City filed a plea to the jurisdiction asserting its governmental immunity from suit barred the trial court's jurisdiction to determine appellants' claims. The trial court sustained the plea to the jurisdiction and entered judgment dismissing appellants' cause of action for want of subject-matter jurisdiction and ordering that appellants "take nothing by their suit."

## STANDARD OF REVIEW

 In their first issue, appellants assert the trial court erred by sustaining the City's plea to the jurisdiction and by dismissing appellants' claims for want of subject-matter jurisdiction. A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000); *Osburn v. Denton County*, 124 S.W.3d 289, 292 (Tex.App.-Fort Worth 2003, pet. denied). "In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry." *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002), (citing *Tex. Natural Res. Conservation Comm'n v.*

*White*, 46 S.W.3d 864, 868 (Tex.2001), *Blue*, 34 S.W.3d at 554–55). The existence of subject-matter jurisdiction is a question of law; thus, we review de novo the trial court's ruling on a plea to the jurisdiction. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002).

## SOVEREIGN IMMUNITY

 Sovereign immunity protects the State from lawsuits for money damages. *IT–Davy*, 74 S.W.3d at 853. Generally, the State possesses both immunity from suit and immunity from liability. *Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 705 (Tex.2003); *IT–Davy*, 74 S.W.3d at 853. The State has immunity from suit unless expressly waived by the legislature. *IT–Davy*, 74 S.W.3d at 853. Any waiver of sovereign immunity must be clear and unambiguous. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). A city is deemed an agent of the State for sovereign immunity purposes when exercising its powers for a public purpose. *See City of San Benito v. Ebarb*, 88 S.W.3d 711, 720 (Tex.App.-Corpus Christi 2002, pet. denied). Sovereign immunity bars suits for declaratory judgment when used to establish the basis for money damages. *IT–Davy*, 74 S.W.3d at 856. Likewise, sovereign immunity bars suits seeking increased future compensation. *Ebarb*, 88 S.W.3d at 722–23.

 In this case, appellants seek a declaratory judgment that the City has underpaid them. They would then use that declaratory judgment as the basis for their suit for damages of back pay, interest on these damages, and for injunctive relief ordering future increased compensation. These claims, unless expressly waived by the legislature in clear and unambiguous language, are barred by the City's immunity from suit. *See id.* at 724.

Appellants assert *Labrado v. County of El Paso,* 132 S.W.3d 581, 592–94 (Tex. App.-El Paso 2004, no pet.), supports their argument that the City's immunity from suit for declaratory judgment and injunctive relief was waived. We disagree. In *Labrado,* the court stated the county's immunity from suit for declaratory judgment leading to injunctive relief was waived because a specific statute, local government code section 262.033, expressly permitted the plaintiffs' to seek injunctive relief. *Id.* at 593. *Labrado* is distinguishable because, in this case, no statute waived the City's immunity from appellants' claim for an injunction ordering increased future compensation.

■ Appellants assert the City's immunity from suit is waived by section 51.075 of the Texas Local Government Code, which provides, "The municipality may plead and be impleaded in any court." TEX. LOCAL GOV'T CODE ANN. § 51.075 (Vernon 1999). Appellants also assert the City expressly waived its immunity from suit by providing in its charter that it "may sue and be sued; may contract and be contracted with; implead and be impleaded in all courts and places and in all matters whatever...." GRAND PRAIRIE, TEX., CODE Pt. 1, art. III, § 1(a) (2002). This Court has held similar provisions in city charters do not waive immunity from suit but "simply speak to the City's capacity to sue and its capacity to be sued when immunity has been waived." *City of Dallas v. Reata Constr. Corp.,* 83 S.W.3d 392, 398 (Tex. App.-Dallas 2002), *rev'd on other grounds,* 2004 WL 726906 (Tex. Apr.2, 2004) (motion for rehearing granted Oct. 15, 2004); *see also Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist.,* 123 S.W.3d 63, 66 (Tex.App.-Dallas 2003, pet. filed) (quoting *Reata* ). We decline appellants' request to reconsider our holdings in those cases. We conclude the City's charter and section

51.075 of the Texas Local Government Code do not waive the City's immunity from suit.

Appellants also argue that courts in earlier cases under the Act and its predecessors must have concluded they had jurisdiction over the suits brought against municipalities because those courts reached the merits of the cases, something they could not do if they lacked subject-matter jurisdiction. *Tijerina v. City of Tyler,* 846 S.W.2d 825, 829 (Tex. 1992); *Lee v. Downey,* 842 S.W.2d 646, 649 (Tex.1992) (orig.proceeding); *Kierstead v. City of San Antonio,* 643 S.W.2d 118, 121–22 (Tex.1982); *Int'l Ass'n of Firefighters, Local Union No. 936 v. Townsend,* 622 S.W.2d 562, 563 (Tex.1981) (per curiam); *Duckett v. City of Houston,* 495 S.W.2d 883, 886–87 (Tex.1973); *Stauffer v. City of San Antonio,* 162 Tex. 13, 344 S.W.2d 158, 161 (1961); *City of San Antonio v. Bullock,* 34 S.W.3d 650, 652 (Tex.App.-San Antonio 2000, pet. denied); *City of Austin v. Castillo,* 25 S.W.3d 309, 314 (Tex.App.-Austin 2000, pet. denied); *City of Fort Worth v. Nyborg,* 999 S.W.2d 451, 457 (Tex.App.-Fort Worth 1999, pet. denied); *City of Harlingen v. Avila,* 942 S.W.2d 49, 51 (Tex.App.-Corpus Christi 1997, writ denied); *City of Austin v. Austin Professional Fire Fighters Ass'n,* 935 S.W.2d 179, 183 (Tex.App.-Austin 1996, no writ) (vacated pursuant to settlement); *City of Lubbock v. Eckles,* 888 S.W.2d 621, 623 (Tex.App.-Amarillo 1994, writ denied); *Int'l Ass'n of Firefighters, Local Union No. 624 v. City of San Antonio,* 822 S.W.2d 122, 131 (Tex.App.-San Antonio 1991, writ denied); *City of San Antonio v. Kuykendall,* 749 S.W.2d 169, 170–71 (Tex. App.-San Antonio 1988, writ denied); *Burkhart v. Moore,* 580 S.W.2d 108, 109 (Tex.Civ.App.-Eastland 1979, no writ); *Michna v. City of Houston,* 521 S.W.2d 331, 332 (Tex.Civ.App.-Houston [1st Dist.] 1975, no writ). As appellants state in

their brief, "Beginning with *Stauffer* and continuing to date, none of the above-cited cases have suggested that a city's immunity from suit would preclude a backpay remedy." Appellants are correct; however, not only did the opinions not suggest it, it appears the courts never considered that possibility. Accordingly, we conclude these cases do not constitute holdings that governmental immunity from suit does not bar a claim for back pay under the Act.

We conclude the trial court did not err in determining immunity barred appellants' claim and in dismissing appellants' suit for want of subject-matter jurisdiction. We resolve appellants' first issue against them.

■ In their second issue, appellants assert the trial court erred by stating in the judgment that appellants "take nothing by their suit," which they argue effectively dismissed their claims with prejudice. Appellants rely on *Li v. University of Texas Health Science Center*, 984 S.W.2d 647, 653–54 (Tex.App.-Houston [14th Dist.] 1998, pet. denied), which held that a dismissal of a breach-of-contract claim for want of jurisdiction due to sovereign immunity should be without prejudice. However, the supreme court subsequently ruled that when a governmental entity files a plea to the jurisdiction based on governmental immunity, the plaintiff has an opportunity to amend its pleading, and any amended pleading fails to allege facts constituting a waiver of immunity, then the trial court should dismiss the cause with prejudice. *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex.2004). "Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined." *Id.* As the concurring Justices in *Sykes* noted, the intermediate courts of appeals' opinions to the contrary, including *Li,* are "impliedly disapproved."

*Id.* at 641 & n. 3 (Brister, J., concurring). In this case, appellants amended their petition six months after the City filed its plea to the jurisdiction, yet the amended petition failed to allege facts constituting a waiver of the City's immunity from suit. Accordingly, following *Sykes,* we conclude the trial court did not err in dismissing appellants' claims with prejudice. We resolve appellants' second issue against them.

We affirm the trial court's judgment.