Scott R. BELL, Christopher W. Bly, John T. Blake, Darwyn B. Case, Mark Fischer, Boyd Hansbro, David P. Lane, Thomas Lee Mendenhall, Branten C. Rose, Derek Townsend, and Darrell Vick, Appellants

v.

CITY OF GRAND PRAIRIE, Texas, Appellee.

No. 05–03–01749–CV.

Court of Appeals of Texas, Dallas.

April 19, 2007.

318 

B. Craig Deats, Deats Durst Owen & Levy, PLLC, Austin, for appellants.

Bettye S. Lynn, Lynn, Pham, Moore & Ross, P.C., Fort Worth, Donald R. Postell, City Attorney, Grand Prairie, for appellee.

Before Justices MOSELEY, FRANCIS, and MAZZANT.

### OPINION ON REHEARING

Opinion by Justice MAZZANT.

We withdraw our opinion issued April 20, 2005, *Bell v. City of Grand Prairie,* 160 S.W.3d 691 (Tex.App.-Dallas 2005, no pet. h.). The following is now the opinion of this Court.

Scott R. Bell, Christopher W. Bly, John T. Blake, Darwyn B. Case, Mark Fischer, Boyd Hansbro, David P. Lane, Thomas

Lee Mendenhall, Branten C. Rose, Derek Townsend, and Darrell Vick are firefighters for the City of Grand Prairie, Texas (the City) who sued the City for violating their seniority pay rights under chapter 143 of the Texas Local Government Code. The City filed a plea to the jurisdiction asserting governmental immunity from suit, which the trial court granted, dismissing appellants' suit. Appellants contend (1) the City's immunity from suit was waived by chapter 143 of the Texas Local Government Code, and (2) if the City is immune from suit, then the trial court erred in dismissing their claims with prejudice. We reverse and remand.

## BACKGROUND

The City's relationship with its fire and police departments is governed by the Fire Fighter and Police Officer Civil Service Act, chapter 143 of the Texas Local Government Code. Under the Act, the City provides different classifications of firefighters, with all firefighters in each classification receiving the same base pay. Tex. Local Gov't Code Ann. § 143.041(b) (Vernon Supp.2006) ("[A]ll firefighters or police officers in the same classification are entitled to the same base salary."). In 1998, the City added a system of steps within each classification. There were seven steps, and a firefighter moved through them based on seniority at a rate of one step per year until he reached the top step within the classification.[1] *See id.* § 143.041(c)(1) (if applicable, firefighters are entitled to longevity or seniority pay in addition to base pay). Appellants allege they were started a step too low based on their seniority and, thus, have not been paid the same as similarly situated firefighters. They sued the City seeking (1) a declaration that the City violated section 143.041 by not paying them the same as

similarly situated firefighters; (2) a permanent injunction barring the City from failing to pay them correctly; (3) an award of the pay and benefits they would have received if they had been placed at the correct step; and (4) attorney's fees, costs, and pre- and post-judgment interest.

The City filed a plea to the jurisdiction asserting its governmental immunity from suit barred the trial court's jurisdiction to determine appellants' claims. The trial court sustained the plea to the jurisdiction and entered judgment dismissing appellants' cause of action for want of subject-matter jurisdiction and ordering that appellants "take nothing by their suit."

## STANDARD OF REVIEW

In their first issue, appellants assert the trial court erred by sustaining the City's plea to the jurisdiction and by dismissing appellants' claims for want of subject-matter jurisdiction. A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000); *Osburn v. Denton County,* 124 S.W.3d 289, 292 (Tex.App.-Fort Worth 2003, pet. denied). "In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry." *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002), (citing *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001), *Blue,* 34 S.W.3d at 554–55). The existence of subject-matter jurisdiction is a question of law; thus, we review de novo the trial court's ruling on a plea to the jurisdiction. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002).

---

**1.** The ordinance establishing the steps in the classification is not in the appellate record.

When a plea to the jurisdiction challenges the pleadings, the trial court must construe the pleadings liberally in favor of the pleader. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). If the pleadings do not allege facts sufficient to affirmatively demonstrate jurisdiction but the defects in pleading are curable by amendment, the issue is one of pleading sufficiency and the pleader should be afforded an opportunity to amend. *Id.* at 226–27. However, when a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider the relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Id.* at 227. If the evidence creates a fact question regarding the jurisdictional issue, the trial court must deny the plea to the jurisdiction and submit the issue to the fact finder. *Id.* at 227–28. Conversely, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court should rule on the plea to the jurisdiction as a matter of law. *Id.* at 228. This standard generally mirrors that of summary judgment. *Id.*

### IMMUNITY FROM SUIT

Sovereign immunity, unless waived, protects the State of Texas, as well as municipalities, from lawsuits for damages. *Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001); *City of San Benito v. Ebarb*, 88 S.W.3d 711, 720 (Tex.App.-Corpus Christi 2002, pet. denied). "A lack of immunity may hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes." *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex.2006). The party suing the governmental entity has the burden of establishing the State's consent, which may be alleged by reference either to a statute or to express legislative permission. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999).

Generally, governmental units possess both immunity from suit and immunity from liability. *Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 705 (Tex.2003); *IT–Davy*, 74 S.W.3d at 853. The State has immunity from suit unless expressly waived by the legislature. *IT–Davy*, 74 S.W.3d at 853. The legislature expressed its intent regarding waivers of sovereign immunity in section 311.034 of the government code: "In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2006).

Courts often use the terms "sovereign immunity" and "governmental immunity" interchangeably. However, they involve two distinct concepts. "Sovereign immunity" refers to the State's and its agencies' immunity from suit and liability. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003). Governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. *Id.*

### Waiver in the City's Charter and Section 51.075 of the Local Government Code

Appellants assert the City's immunity from suit is waived generally by section 51.075 of the Texas Local Government Code, which provides, "The municipality may plead and be impleaded in any court." TEX. LOCAL GOV'T CODE ANN. § 51.075 (Vernon 1999). Appellants also assert the City expressly waived its immu-

nity from suit by providing in its charter that it "may sue and be sued; may contract and be contracted with; implead and be impleaded in all courts and places and in all matters whatever...." GRAND PRAIRIE, TEX., CODE Pt. 1, art. III, § 1(a) (2002). The Texas Supreme Court has held section 51.075 of the Texas Local Government Code and similar provisions in city charters do not waive immunity to suit. *See Tooke v. City of Mexia,* 197 S.W.3d 325, 342 (Tex.2006); *Reata Constr. Corp.,* 197 S.W.3d at 378 (citing *Tooke*). Following *Tooke,* we conclude the City's charter and section 51.075 of the Texas Local Government Code do not waive the City's immunity from suit.

### Governmental Immunity and the Civil Service Act

■ Appellants do not assert that any provision of the Civil Service Act applicable in this case clearly and unambiguously waives the City's immunity to suit. Instead, appellants argue that courts deciding earlier cases under the Civil Service Act, its predecessors, and other statutes involving municipal employee compensation that also lacked enforcement provisions must have concluded they had jurisdiction over the suits brought against municipalities because

those courts reached the merits of the cases, something they could not do if they lacked subject-matter jurisdiction.[2] As appellants state in their brief, "Beginning with *Stauffer* and continuing to date, none of the above-cited cases have suggested that a city's immunity from suit would preclude a backpay remedy." In *Stauffer v. City of San Antonio,* 162 Tex. 13, 344 S.W.2d 158 (1961), the supreme court held that the civil service commission lacked jurisdiction to consider the plaintiffs' claims. The supreme court then stated, "Since the power to hear and determine that question in a judicial sense is not conferred by law upon some other tribunal, the district court has jurisdiction to decide the same from a preponderance of the evidence." *Id.* at 18, 344 S.W.2d at 161.

More recently, however, the supreme court, in a brief per curiam opinion, appears to have held that chapter 143 does not contain a general waiver of immunity to enforce the rights therein granted. In *City of Houston v. Williams,* 216 S.W.3d 827 (Tex.2007) (per curiam), the supreme court considered a municipality's governmental immunity under chapter 143 of the local government code. Under sections 143.115–.116, the firefighters were entitled to a lump-sum payment of their accrued

**2.** *See Tijerina v. City of Tyler,* 846 S.W.2d 825, 829 (Tex.1992); *Lee v. Downey,* 842 S.W.2d 646, 649 (Tex.1992) (orig. proceeding); *Kierstead v. City of San Antonio,* 643 S.W.2d 118, 121–22 (Tex.1982); *Int'l Ass'n of Firefighters, Local Union No. 936 v. Townsend,* 622 S.W.2d 562, 563 (Tex.1981) (per curiam); *Duckett v. City of Houston,* 495 S.W.2d 883, 886–87 (Tex.1973); *Stauffer v. City of San Antonio,* 162 Tex. 13, 344 S.W.2d 158, 161 (1961); *City of San Antonio v. Bullock,* 34 S.W.3d 650, 652 (Tex.App.-San Antonio 2000, pet. denied); *City of Austin v. Castillo,* 25 S.W.3d 309, 314 (Tex.App.-Austin 2000, pet. denied); *City of Fort Worth v. Nyborg,* 999 S.W.2d 451, 457 (Tex.App.-Fort Worth 1999, pet. denied); *City of Harlingen v. Avila,* 942 S.W.2d 49, 51 (Tex.

App.-Corpus Christi 1997, writ denied); *City of Austin v. Austin Professional Fire Fighters Ass'n,* 935 S.W.2d 179, 183 (Tex.App.-Austin 1996, no writ) (vacated pursuant to settlement); *City of Lubbock v. Eckles,* 888 S.W.2d 621, 623 (Tex.App.-Amarillo 1994, writ denied); *Int'l Ass'n of Firefighters, Local 624 v. City of San Antonio,* 822 S.W.2d 122, 131 (Tex.App.-San Antonio 1991, writ denied); *City of San Antonio v. Kuykendall,* 749 S.W.2d 169, 170–71 (Tex.App.-San Antonio 1988, writ denied); *Burkhart v. Moore,* 580 S.W.2d 108, 109 (Tex.Civ.App.-Eastland 1979, no writ); *Michna v. City of Houston,* 521 S.W.2d 331, 332 (Tex.Civ.App.-Houston [1st Dist.] 1975, no writ).

vacation and sick-leave benefits upon termination. TEX. LOCAL GOV'T CODE ANN. § 143.115–.116 (Vernon 1999 & Supp.2006); *Williams*, 216 S.W.3d at 828. The firefighters believed the City failed to pay them for all of their accrued benefits, and they brought suit alleging violations of these provisions of chapter 143. Like section 143.041, chapter 143 does not explicitly authorize firefighters to bring suit to enforce their rights under sections 143.115–.116. The court of appeals held immunity from suit was waived by the city charter provision that it could "sue and be sued" and by local government code section 51.075. *City of Houston v. Williams*, 183 S.W.3d 409, 414 (Tex.App.-Houston [14th Dist.] 2005), *rev'd*, 216 S.W.3d 827 (Tex. 2007) (per curiam). The supreme court reversed, holding section 51.075 and the "sue and be sued" language in the charter did not waive the city's immunity from suit. *Williams*, 216 S.W.3d at 828; *see also Tooke*, 197 S.W.3d at 342. The court determined that the firefighters' only remedy was one for money damages. *Williams*, 216 S.W.3d at 828–29. The supreme court then remanded the case to the trial court to determine whether the firefighters' claims fell within the waiver of immunity provided for breach of contract claims in sections 271.151–.160 of the Texas Local Government Code.[3] *Id.* at 829. The court stated, "Because the firefighters' only conceivable remedy is an award of money damages, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings." *Id.* at 828.

The *Williams* per curiam opinion does not expressly state that, absent the firefighters' claims falling under sections 271.151–.160, the city's immunity from suit is not waived. Nor does it state that *Stauffer* and the court's other opinions reaching the merits under the Civil Service Act were incorrectly decided because the court lacked jurisdiction. However, that appears to be the import of the *Williams* decision. *See Cassidy v. City of Balch Springs*, No. 05–05–01340–CV, 2007 WL 882484, at *2, 223 S.W.3d 612, 615 (Tex. App.-Dallas March 26, 2007, no pet. h.) ("Although the supreme court did not directly address whether a general waiver of immunity existed under the civil service statutes, the absence of a general waiver is clearly implied by the outcome.").

We conclude the City's immunity from suit for monetary damages under section 143.041 is not waived.[4]

## Plaintiffs' Pleading

Before determining whether appellants' claims are barred by governmental immunity, we must first determine what those claims are. The petition states the "claim" is:

---

3. Section 271.152 of the Texas Local Government Code expressly waives immunity to suit for certain breach-of-contract claims against a local governmental entity, such as a municipality: "A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter." TEX. LOCAL GOV'T CODE ANN. § 271.152 (Vernon 2005).

4. In *Williams,* the supreme court remanded the cause for the trial court "to consider in the first instance" whether the firefighters claims fall within the waiver of immunity provided by sections 271.151–.160 of the local government code, which was passed while the appeal was pending. *Williams,* 216 S.W.3d at 829. In this case, we are remanding the cause to the trial court for further proceedings. Whether sections 271.151–.160 apply to the facts of this case is not before us, and we make no determination of that issue.

Defendant's actions in failing to pay Plaintiffs seniority pay on the same basis as similarly situated fire fighters in the same classification violated the Plaintiffs' rights and the Defendant's obligations under Texas Local Government Code § 143.041, which requires non-discrimination in the payment of seniority and longevity pay.

The petition then proceeds to the "prayer for relief," stating appellants seek the following relief

(1) Declare that the Defendant's failure to pay Plaintiffs seniority pay on the same basis as it was paid to similarly situated fire fighters violates Texas Local Government Code § 143.041.

(2) Permanently enjoin the Defendant from failing to pay Plaintiffs seniority pay on the same basis as it was paid to other fire fighters in the same classification.

(3) Order the Defendant to make Plaintiffs whole for all pay and benefits lost as a result of Defendant's failure to properly pay Plaintiffs.

Appellants also seek pre- and post-judgment interest as well as attorney's fees under the Declaratory Judgment Act.

Appellants first seek a declaratory judgment that the City violated section 143.041. This claim is based on their allegedly being placed on the wrong step within a classification as set up by the City's ordinance. Whether they were placed on the wrong step requires a determination of their status under the ordinance. Liberally construing their petition, we read their claim as seeking a declaration (1) that they were placed at the wrong step under the ordinance and (2) that this error constituted a violation of section 143.041.[5]

Next, appellants seek an injunction for payment of their seniority pay on the same basis as others within the classification. Liberally construing the petition, we read this request as seeking an injunction requiring the City to pay them hereafter in compliance with the ordinance. Appellants may also be seeking an injunction requiring the City to pay them for past incidents of noncompliance.

Finally, appellants seek an order for the City to make appellants "whole for all pay and benefits lost." We construe this request as seeking a money judgment for the amount of seniority pay and the value of the benefits they did not receive as a result of the City's allegedly placing them on the wrong step. Appellants may also be seeking restoration of the lost non-wage benefits without a money judgment for their value.

We next consider whether the City's governmental immunity from suit bars each of these claims.

### Declaratory Judgment

Under the Uniform Declaratory Judgments Act, persons "affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (Vernon 1997). A declaratory judgment action against the government seeking a declaration of a party's rights and status under a statute is not barred by sovereign immunity. *See IT-Davy,* 74 S.W.3d at 859–60. However, sovereign immunity bars suits for declaratory judgment seeking a declaration of the government's liability for money damages.

---

5. Whether placing appellants on the wrong step within a classification would constitute a violation of 143.041 is not before us, and we make no determination of that issue.

*Id.* (party sought declaration that government owed party more money). When the only injury alleged is in the past and the only plausible remedy is an award of money damages, the declaratory judgment claim is barred. *See Williams*, 216 S.W.3d at 829.

■ In this case, appellants implicitly seek a declaration of their status and rights under the City's ordinance establishing the seniority pay program, and they expressly seek a declaration of the City's violation of section 143.041 for not paying them the same as similarly situated firefighters. To the extent the requested declaration concerns past violations, the only plausible remedy is a money judgment, and the City retains its immunity from suit for such a claim. *See id.* However, to the extent the requested declaration concerns future violations, appellants' remedy may not require the awarding of money damages. We conclude appellants' declaratory judgment action is not barred by governmental immunity to the extent it seeks a declaratory judgment concerning future violations of section 143.041 by the City and does not seek an award of money damages.[6]

### Injunction

■ Appellants seek an injunction requiring the City to pay appellants in accordance with section 143.041. Suits to compel government officers to act within their official capacities do not attempt to subject the government to liability. *IT–Davy*, 74 S.W.3d at 855; *Griffin v. Hawn*, 161 Tex. 422, 425, 341 S.W.2d 151, 153 (1960) (quoting *Cobb v. Harrington*, 144 Tex. 360, 365–66, 190 S.W.2d 709, 712 (1945)). Appellants' request for an injunction requiring the City to pay damages to appellants in accordance with section 143.041 asks that the City's officers follow the law and act within their capacities. To the extent the requested injunction seeks to require the City's officers to pay damages to appellants for past violations of section 143.041, like the declaratory judgment action concerning past violations, it is a claim for monetary damages barred by the City's immunity to suit because the only remedy would be money damages. *See Williams*, 216 S.W.3d at 828–29. However, to the extent the requested injunction would require the City's officers to follow the law in the future and does not seek money damages, it is not barred by the City's immunity to suit.

We conclude appellants' request for an injunction requiring the City to comply with section 143.041 in the future is not barred by governmental immunity.[7]

---

**6.** "Although sovereign immunity does not protect the City from [appellants'] request for a declaratory judgment construing the ordinance at issue, the Declaratory Judgments Act does not waive the City's immunity from suits for money damages." *City of Dallas v. Martin*, 214 S.W.3d 638, 644 (Tex.App.-Dallas 2006, no pet. h.); *City of Dallas v. Albert*, 214 S.W.3d 631, 637 (Tex.App.-Dallas 2006, no pet. h.).

**7.** *But see City of San Benito v. Ebarb*, 88 S.W.3d 711 (Tex.App.-Corpus Christi 2002, pet. denied). There, the court of appeals stated, "Appellees seek a declaration and judgment of the City's liability for failure to compensate them at a certain rate and an order requiring future compensation at that rate as well as back pay for the unreceived amounts of salary to which they claim entitlement. They seek also pre- and post-judgment interest. These are claims for money damages." *Id.* at 723. The court's opinion examined whether declaratory judgment action and the action for back pay were claims for money damages, but the court provided no separate analysis explaining why the request for an order requiring future compensation to be paid as required by the ordinance was a claim for money damages. To the extent the Corpus Christi Court's opinion conflicts with ours in this case, we respectfully disagree with the Corpus Christi Court.

## Back Pay and Benefits

Finally, we must determine whether appellants' request that the court "[o]rder the Defendant to make Plaintiffs whole for all back pay and benefits lost as a result of Defendant's failure to properly pay Plaintiffs" constitutes a request for monetary damages.

■ To the extent appellants' request that the City "make Plaintiffs whole" for lost benefits does not seek an award of monetary damages, the claim is not barred by governmental immunity.

■ As for appellants' claim for back pay, courts have held that a claim against the government for back pay is a suit for monetary damages barred by governmental immunity absent legislative consent. *See Nueces County v. Ferguson,* 97 S.W.3d 205, 220–21 & n. 21 (Tex.App.-Corpus Christi 2002, no pet.); *Ebarb,* 88 S.W.3d at 722–23 & n. 13. As discussed above, the supreme court has implicitly held that claims for monetary damages under chapter 143 of the Texas Local Government Code are barred by immunity to suit unless the legislature expressly waived immunity from suit in clear and unambiguous language.

Appellants assert that mandamus relief including the award of back pay has been allowed in similar circumstances. *See City of Waco v. Bittle,* 167 S.W.3d 20, 27 (Tex. App.-Waco 2005, pet. denied); *Guthery v. Taylor,* 112 S.W.3d 715, 719, 724 (Tex. App.-Houston [14th Dist.] 2003, no pet.). In this case, however, we need not decide whether a mandamus action would permit the trial court to order the City to pay appellants their back wages, if any, lost as a result of allegedly being placed on the wrong step because appellants have not pleaded a mandamus action. Their petition does not request a writ of mandamus. Even liberally construing appellants' petition, we cannot read it to demand a writ of mandamus.

Appellants also assert that they are entitled to back pay as an equitable remedy, not as a money judgment. They argue that monetary relief can be an equitable remedy, such as to prevent an unjust enrichment. *See London v. London,* 192 S.W.3d 6, 13 (Tex.App.-Houston [14th Dist.] 2005, pet. denied); *Walker v. Cotter Properties, Inc.,* 181 S.W.3d 895, 900 (Tex. App.-Dallas 2006, no pet.). However, we do not reach this issue because appellants did not plead that the back pay was an equitable remedy. *See Jones v. City of Stephenville,* 896 S.W.2d 574, 578 (Tex. App.-Eastland 1995, no writ) (general language in prayer seeking all other equitable relief to which party may be entitled does not create equitable claim).

We construe the petition as seeking back pay as monetary damages, and such a suit is barred by governmental immunity from suit absent the legislature's consent to the suit.

## CONCLUSION

We sustain appellants' first issue. We conclude appellants' claims for declaratory judgment and injunctive relief are barred by the City's immunity to suit to the extent they involve claims of alleged failure to comply with government code section 141.041 in the past, but they are not barred insofar as they request relief for future events and do not seek monetary damages. We hold the trial court erred in granting the City's plea to the jurisdiction. Because of our resolution of the first issue, we need not reach appellants' second issue asserting the trial court's dismissal of their claims should not have been with prejudice.

We reverse the trial court's judgment and remand the cause to the trial court for

further proceedings consistent with this opinion.