

NUMBER 13-14-00054-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RICHARD STUBBS,                                              Appellant,

v.

THE CITY OF WESLACO, AND
VERONICA RAMIREZ, IN HER
OFFICIAL CAPACITY AS
WESLACO CIVIL SERVICE
DIRECTOR,                                                    Appellees.

On appeal from the 92nd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Chief Justice Valdez and Justice Garza and Longoria
Memorandum Opinion by Justice Longoria

In this case, Richard Stubbs appeals the trial court's dismissal of his claims against the City of Weslaco and Veronica Ramirez, in her official capacity as Weslaco's civil service director. As set forth below, we conclude that the trial court erred in dismissing Stubbs's claims against Ramirez to require her to process his appeal of Weslaco's termination of his employment to an independent third party hearing examiner. Accordingly, we reverse the trial court's order in part and remand the cause to the trial court for further proceedings consistent with this memorandum opinion. *See* TEX. R. APP. P. 43.2(d).

## I. BACKGROUND

Stubbs was previously employed as a non-probationary firefighter with Weslaco's Fire Department when he sustained an injury unrelated to his employment that resulted in a temporary disability. He was not able to return to work immediately. After Stubbs had missed work for about a month, the fire chief sent him a written notice advising that he had used all of his paid leave and was therefore being placed on temporary leave without pay. *See* TEX. LOC. GOV'T CODE ANN. § 143.073(d) (West, Westlaw through 2013 3d C.S.). According to the notice, Stubbs would remain on temporary leave without pay until he submitted to Weslaco's Civil Service Commission a "100% clearance to return to work" from his physician. *See id.* § 143.081(b) (West, Westlaw through 2013 3d C.S.).

On November 9, 2012, Weslaco's Human Resources Department forwarded to Stubbs a written form entitled "Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act)" and requested that Stubbs have the form completed and returned by November 24, 2012. Stubbs did not comply.

Thereafter, by written notice dated December 21, 2012, Weslaco informed Stubbs that it was denying his FMLA benefits.

On December 31, 2012, the fire chief met with Stubbs in person and advised him that he needed an update and some form of documentation from his physician regarding his health and when he was going to return to work. The fire chief gave Stubbs until January 4, 2013 to produce the documentation. On January 4, 2013, the fire chief sent Stubbs an email stating, "I have not heard or received anything from you or your physician as of today." Stubbs responded by email within the hour, explaining that he had requested a prognosis letter from his physician. Attached to Stubbs's email was an email from his physician's office manager stating that they were working on Stubbs's prognosis letter and that the letter would be "ready early next week."

On January 9, 2013, the fire chief sent Stubbs a notice that his employment was terminated effective immediately. In relevant part, the notice stated as follows:

> To date you have not returned to work, supplied the City with the required FMLA Certification Form, or submitted the 100% clearance from your physician. You are not entitled to any additional leave under any federal or state family or medi[c]al leave laws or City policy and your accrued sick leave, vacation, personal days and compensation time have been exhausted.

> Taking the above into consideration, you are hereby terminated effective immediately in accordance with the FMLA and City policy.

Subsequently, Stubbs hand delivered to Ramirez, the Director of Weslaco's Civil Service Commission, a written letter addressed to Weslaco's Civil Service Commissioners in which he expressly invoked the provisions of Chapter 143 of the Texas Local Government Code, including Sections 143.010, 143.053, and 143.057, and requested a hearing before an independent third party hearing examiner to challenge the

3

termination of his employment. *See id.* §§ 143.010, 143.053 & 143.057 (West, Westlaw through 2013 3d C.S.). Stubbs denied the truth of the charge made by the fire chief and took exception to the legal sufficiency of the charge. Stubbs also stated that the action recommended by the fire chief, referred to as a termination or indefinite suspension, did not or would not fit the alleged offense. *See id.* § 143.052(b) (West, Westlaw through 2013 3d C.S.) ("An indefinite suspension is equivalent to dismissal from the department."). Stubbs advised the Commissioners that the parties had ten days from the date of his letter, January 15, 2013, to agree on an impartial hearing examiner. *See id.* § 143.057(d).

Ramirez responded to Stubbs in a letter dated January 24, 2013. She advised Stubbs that he had not complied with Section 143.057(b) of the Texas Local Government Code, concerning a firefighter's right to appeal to an independent hearing examiner, because he had addressed his request to the Commissioners and not to her specifically as the Director of the Commission. *See id.* § 143.057(b). Ramirez quoted the language of the statute, which states that a firefighter "must submit to the director a written request" to appeal to a third party hearing examiner. *Id.* Although Ramirez acknowledged that Stubbs had delivered the request to her in person, she maintained that the request was fatally defective because it was addressed to the Commissioners and the Commission had no statutory authority to grant the request.

In her letter, Ramirez also acknowledged that Stubbs had invoked Section 143.010 of the Texas Local Government Code, concerning arbitration of an action from which an appeal or review is provided by Chapter 143, but she maintained that there was no statutory basis for Stubbs to appeal his discharge to an independent hearing examiner under that statutory provision because he had not been indefinitely suspended for

4

disciplinary reasons. *See id.* § 143.010 (West, Westlaw through 2013 3d C.S.). Ramirez advised Stubbs that, based on the foregoing, Weslaco would refuse to participate in any arbitration proceedings.

Subsequently, Stubbs then filed this suit against Weslaco and Ramirez, in her official capacity, alleging that his discharge was illegal and that the defendants had deprived him of his statutory rights under the civil service act. In particular, Stubbs specifically alleged that Weslaco and Ramirez had violated the civil service act by denying him the right to appeal his discharge to an independent hearing examiner as he had requested in his notice letter dated January 15, 2013.

In his petition, Stubbs alleged that the termination notice was defective and insufficient because it failed to identify any civil service rule that he had allegedly violated and because it did not specify the grounds for his discharge beyond the language quoted above. In addition, the notice did not advise Stubbs that he had a right to appeal the discharge to the local civil service commission or to an independent third party hearing examiner. According to Stubbs, the fire chief had a statutory obligation to report certain information concerning the discharge and the grounds and circumstances for the discharge to the local civil service commission and to provide Stubbs with notice of the specific disclosures made to the commission; however, according to Stubbs, the fire chief failed to report the necessary information to the commission as required by law.

Stubbs requested that the trial court issue a writ of mandamus to compel Weslaco and Ramirez to perform their ministerial and non-discretionary duty to process his appeal as required by the civil service act. Stubbs specifically alleged that mandamus was appropriate because he lacked an adequate alternative remedy to enforce his right to

5

contest his discharge by appealing to an independent hearing examiner according to the procedures set forth in the civil service act.

In addition to a writ of mandamus, Stubbs requested that the trial court grant the following relief in his favor: (1) declare that Weslaco and Ramirez have violated his rights under the civil service act by discharging him for having a disability without following the fitness-for-duty procedures specified by the civil service act; (2) enter an injunction requiring Weslaco and Ramirez to reinstate him to the same rank and with the same seniority he had before going on temporary leave and prohibiting them from discharging him for a disability without utilizing the fitness-for-duty procedures; (3) alternatively, declare that Weslaco and Ramirez discharged him for disciplinary reasons without following the requirements of the civil service act; (4) enjoin Weslaco and Ramirez from discharging him for disciplinary reasons without following the requirements of the civil service act; (5) order Weslaco and Ramirez to pay attorney's fees and costs; and (6) order such further relief, at law or equity, to which he showed himself justly entitled.

Subsequently, Weslaco and Ramirez filed an answer denying all of Stubbs's allegations, special exceptions to Stubbs's petition, and a motion to dismiss Stubbs's claims against them for lack of jurisdiction. Weslaco and Ramirez asserted that, as governmental actors, they were immune from suit under the doctrine of sovereign immunity and that Stubbs had failed to establish a valid waiver of their immunity for any of the claims he was asserting against them in this case. They explained that in his petition, Stubbs had asserted two grounds for waiver based on two different statutory provisions; however, they argued that those provisions did not waive their immunity from suit and that the trial court had no jurisdiction over Stubbs's claims against them.

Specifically, the defendants asserted that Section 180.006 of the Texas Local Government Code, cited in Stubbs's petition, is applicable only in a suit in which a firefighter alleges that a municipality denied monetary benefits associated with the recovery of back pay or a firefighter alleges the denial of monetary benefits associated with the recovery of back pay owed under Section 143.134(h). *See id.* §§ 108.006 & 143.134(h) (West, Westlaw through 2013 3d C.S.). Therefore, only a firefighter asserting a claim for back pay may assert Section 180.006 to establish a waiver of immunity permitting judicial review of such denial. *See id.* § 180.006(c). Weslaco and Ramirez argued that the limited waiver of immunity in Section 180.006 was inapplicable in this suit because Stubbs had not asserted any claim for back pay. *See id.*

In addition, Weslaco and Ramirez noted that in his petition, Stubbs had also cited Section 37.009 of the Texas Civil Practice and Remedies Code, part of the Uniform Declaratory Judgments Act, to establish that their immunity from suit had been waived for his claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West, Westlaw through 2013 3d C.S.). In a brief filed in support of their motion to dismiss and supplemental motion to dismiss, the defendants explained that the Uniform Declaratory Judgments Act does not enlarge a court's jurisdiction. They argued, "Texas courts have held that plaintiffs may not bring a suit for declaratory judgment and damages against a governmental defendant." Furthermore, according to the defendants, the trial court had no jurisdiction and no authority to hear Stubbs's claim for declaratory judgment because the trial court could not grant the relief Stubbs had requested. Specifically, the defendants argued that the trial court could not compel them to perform a function that they had no authority to perform under Chapter 143 of the Texas Local Government Code.

7

Stubbs filed a combined motion for summary judgment and response to the defendants' motion to dismiss and supplemental motion to dismiss. In his response, Stubbs took issue with the defendants' representation to the trial court that he was attempting to assert claims against them for money damages. Stubbs clarified that he was asserting claims against the defendants for declaratory relief, injunctive relief, writ of mandamus, and attorney's fees under the Uniform Declaratory Judgments Act. Stubbs pointed out that the Texas Supreme Court has consistently held that the sovereign immunity of a governmental entity does not encompass immunity from suit for claims brought under the Uniform Declaratory Judgments Act. Stubbs argued that his claims did not implicate the doctrine of governmental immunity or the defendants' immunity from suit because he was not attempting to impose liability on them for money damages.

In addition, Stubbs argued that the trial court did not lack jurisdiction over his claims simply because the defendants were governmental actors who enjoy immunity from suit in other instances. According to Stubbs, the defendants' immunity from suit did not extend to his claims to require them to comply with his statutory rights under the civil service act. Stubbs argued that the trial court had jurisdiction over his claims even if the relief he was requesting would compel the defendants to make a payment of money.

Finally, Stubbs argued that, to the extent that his claims were considered claims for monetary damages, the defendants did not have immunity from suit and the trial court was not deprived of jurisdiction over the claims because Section 180.006 of the Texas Local Government Code specifically waived the defendants' immunity from suit for claims for monetary benefits that a firefighter is entitled to recover under the provisions of Chapters 141, 142, and 143 of the Texas Local Government Code. *See* TEX. LOC. GOV'T

8

CODE ANN. § 180.006. Stubbs took the position that the statute's waiver of immunity applied to his claims for monetary damages, to the extent that he had asserted any such claims, because his claims were for monetary benefits that he was entitled to recover under the Texas Local Government Code, as stated in Section 180.006. *See id.* Based on the foregoing, Stubbs maintained that the defendants were not entitled to have the trial court dismiss his claims for lack of jurisdiction.

The trial court ruled in the defendants' favor and entered a written order granting the defendants' motion to dismiss and supplemental motion to dismiss and stating that Stubbs's claims were thereby dismissed with prejudice for lack of jurisdiction. Stubbs now appeals to this Court.

## II. ANALYSIS

By one issue, Stubbs contends that the trial court committed reversible error by granting the defendants' motion to dismiss and supplemental motion to dismiss and dismissing his claims with prejudice for lack of jurisdiction.

## A. Standard of Review

The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether a court has subject matter jurisdiction is a question of law. *Id.* Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Id.* Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law. *Id.*

9

However, in some cases, disputed evidence of jurisdictional facts that also implicate the merits of the case may require resolution by the finder of fact. *Id.*

## B. Applicable Law

Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). Immunity from suit bars an action against the state unless the state expressly consents to the suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The party suing the governmental entity must establish the state's consent, which may be alleged either by reference to a statute or to express legislative permission. *Id.* We interpret statutory waivers of immunity narrowly, as the Legislature's intent to waive immunity must be clear and unambiguous. *Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d at 655 (citing TEX. GOV'T CODE ANN. § 311.034 (West, Westlaw through 2013 3d C.S.)).

## C. Discussion

Stubbs has asserted claims to require Weslaco and Ramirez to comply with certain provisions of the civil service act authorizing a firefighter to appeal the termination of his employment to an independent third party hearing examiner. *See* TEX. LOC. GOV'T CODE ANN. § 143.057. Under the ultra vires exception to immunity, "suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) (explaining the ultra vires exception to immunity). However, such claims cannot be brought against Weslaco, because it retains immunity; therefore, the claims must be brought against Ramirez in her

official capacity. *See id.* at 373. Accordingly, the trial court did not err in dismissing the claims against Weslaco for lack of jurisdiction.

Moreover, the only claims against Ramirez that survive the jurisdictional challenge are those for a declaratory judgment, injunctive relief, and writ of mandamus to require her to process Stubbs's appeal as required by the civil service act. *See Bell v. City of Grande Prairie*, 221 S.W.3d 317, 325 (Tex. App.—Dallas 2007, no pet.) (op. on reh'g) ("However, to the extent the requested injunction would require the City's officers to follow the law in the future and does not seek money damages, it is not barred by the City's immunity to suit."). We express no opinion on the merits of Stubbs's claims. We hold that the claims are within the trial court's subject matter jurisdiction and therefore should not have been dismissed. It is for the trial court to decide in the first instance whether Stubbs is entitled to the relief requested in his live pleading based on these claims.

If Stubbs prevails in the trial court, he will establish and be able to enforce his right to have the fire chief's action in terminating his employment reviewed by the commission or an independent hearing examiner, as set forth in the civil service act. *See* TEX. LOC. GOV'T CODE ANN. § 143.053(b); *id.* § 143.057(a)–(b); *City of DeSoto v. White*, 288 S.W.3d 389, 392 (Tex. 2009) ("Chapter 143 of the Local Government Code, known as the Fire Fighter and Police Officer Civil Service Act, outlines the disciplinary process by which a municipality may suspend an officer and how that officer may appeal the suspension.").

To the extent Stubbs seeks reinstatement and further injunctive relief from the trial court in this proceeding, we hold that the trial court properly dismissed those claims for lack of jurisdiction because Stubbs failed to establish a valid waiver of immunity for such claims and because, in any event, the commission or hearing examiner has exclusive

11

jurisdiction over these claims. *See Thomas v. Long*, 207 S.W.3d 334, 341 (Tex. 2006) (noting that "an employee subject to for-cause termination has a property interest in continued employment sufficient to entitle the employee to judicial review of an administrative decision to terminate employment," but holding that "the Commission had exclusive jurisdiction over the employment dispute in this case"). Of course, in the event that Stubbs is able to appeal the fire chief's actions to the commission or an independent third party hearing examiner, the civil service statute authorizes such relief and provides the opportunity for further proceedings in the district court if Stubbs is not satisfied with the results or relief obtained. *See* TEX. LOC. GOV'T CODE ANN. § 143.015(a); *id.* § 143.057(c)–(j); *Bracey v. City of Killeen*, 417 S.W.3d 94, 104 (Tex. App.—Austin 2013, no pet.).

Stubbs's issue is sustained in part and overruled in part.

### III. CONCLUSION

The trial court's order dismissing Stubbs's suit for lack of jurisdiction is reversed in part as stated herein, and the cause is remanded to the trial court for further proceedings consistent with this memorandum opinion.

NORA L. LONGORIA
Justice

Delivered and filed the
8th day of January, 2015.

12