**CITY OF DALLAS, Appellant and Cross–Appellee,**

v.

**Windle TURLEY, Shirley Turley, Steve Aaron, Carol Aaron, B.M. Rankin, Jr., and Ashley Rankin, Appellees and Cross–Appellants.**

**No. 05–09–00791–CV.**

Court of Appeals of Texas, Dallas.

July 13, 2010.

Rehearing Overruled Aug. 24, 2010.

Christopher J. Caso, Office of the City Attorney, Barbara E. Rosenberg, City of Dallas Attorney's Office, Michael L. Knapek, Jackson & Walker, Dallas, TX, for Appellant and Cross–Appellee.

Joel Wilson Reese, Arthur J. Anderson, Winstead Sechrest & Minick, P.C., Dallas, TX, PC, David Fowler Johnson, Winstead Sechrest & Minick, P.C., Fort Worth, TX, for Appellees and Cross–Appellants.

Before Justices RICHTER, FRANCIS, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

These are interlocutory cross-appeals from the trial court's order on the City's plea to the jurisdiction. The issue before us is whether governmental immunity bars the claims against the City. We conclude that it does. As a result, we affirm in part and reverse in part, and remand for further proceedings.

### BACKGROUND

The appellees and cross-appellants are Windle Turley, Shirley Turley, Steve Aaron, Carol Aaron, B.M. Rankin, Jr., and Ashley Rankin (the landowners). The Turleys and the Aarons own property that shares a boundary at the back of their properties. A street easement and a right-of-way extending a street, referred to as the Ravine Drive extension (the easements),[1] run through the boundary area at the back of their properties. The easements have been fenced off, landscaped, improved, and maintained as part of their yards. The Rankins own property that adjoins the Turleys' and contains a floodway easement. Richard and Nona Barrett, who are defendants below,[2] also own

---

1. The landowners refer to the right-of-way as "Nondedicated Ravine Drive." The City refers to the right-of-way as the "Ravine Drive Extension." Whether this portion of Ravine Drive was actually dedicated is disputed by the parties. We will refer to it as the "Ravine Drive extension," or, if together with the street easement, "the easements," for purposes of this opinion.

2. Although the Barretts are not parties to the interlocutory appeal we resolve today, they participated in briefing before this Court regarding emergency motions filed by the land-

real property adjoining the Turleys' and Aarons' tracts. The Barretts want to access their property through the easements and install a storm water pipe that crosses the boundary at the back of the Turleys' and the Aarons' properties. The storm water pipe will empty into a creek within the floodway easement on the Rankins' property.

The Ravine Drive extension was included as a proposed dedication on a plat filed in 1973. A water line, a sewer line, and a fire hydrant were installed there in 1973 and were accepted by the Dallas City Council. The street easement was shown on a plat approved by the City in 1977. A portion of the street easement was abandoned in 1980 through the adoption of a City ordinance, but the City contends the remainder of the street easement at issue in this case has not been abandoned. The easements have never been used as a public street.

The landowners filed this lawsuit seeking an injunction and other relief to keep the Barretts and the City from opening the easements to traffic, constructing any public utilities in the easements, or making any other public use of them. The City filed a plea to the jurisdiction claiming that it was immune from suit and asked the court to dismiss the landowners' claims against the City for lack of subject-matter jurisdiction.

In their "Third Amended Petition and Application for Injunction," the landowners alleged a claim for adverse possession and sought injunctive and declaratory relief, as well as attorney's fees. They pleaded for declaratory relief as follows:

23. Plaintiff [sic] seeks a declaratory judgment pursuant to the Texas Declaratory Judgments Act ... that the proffered dedication and/or accepted dedica-

tion for Ravine Drive shown on Exhibit "A" and the street easement shown on Exhibit "B" have never been accepted.

24. Plaintiff [sic] seeks a declaratory judgment ... that the City's alleged acceptance of dedication of Nondedicated Ravine Drive shown as Exhibit "A" and the street easement shown on Exhibit "B" have been abandoned.

25. Plaintiff [sic] seeks a declaratory judgment ... that the proposed storm water runoff onto the Rankins' lot will violate the Texas Water Code.

The trial court granted part of the City's plea to the jurisdiction, dismissing the landowners' claims for injunctive relief, adverse possession, and declaratory judgment with respect to the Texas Water Code, but denied part as to the landowners' "other remaining requests for declaratory judgment," and their "request for attorney's fees under the declaratory judgment act." The City appeals, alleging the trial court should have granted the plea in its entirety. The landowners also appeal, claiming that the trial court erred to the extent it granted the plea. After the cross-appeals were filed, we granted temporary relief pursuant to appellate rule 29.3 "to preserve the parties' rights until disposition of the appeal." *See* TEX. R. APP. P. 29.3. The parties filed additional motions which we resolve today as well.

## ISSUES

The City contends that the trial court erred because it denied the City's plea to the jurisdiction as to the landowners' requests under the Declaratory Judgments Act to declare that the City had abandoned its easements and had not accepted the easement dedications. In its second issue, the City also contends that the trial court erred because it denied the City's plea to

owners during the time this appeal was pend- ing.

the jurisdiction as to the landowners' request for attorney's fees. In their cross-appeal, the landowners contend that the trial court erred because it granted the City's plea to the jurisdiction as to the landowners' claims for injunctive relief, adverse possession, and declaratory judgment under the Texas Water Code.

## STANDARD OF REVIEW

 Governmental immunity from suit defeats a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex.2004); *see also Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex.2006). The existence of subject-matter jurisdiction is a question of law and we review the trial court's ruling on a plea to the jurisdiction de novo. *Miranda*, 133 S.W.3d at 226, 228. A plea to the jurisdiction can be based on the pleadings or on evidence. *Id.* When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Id.* We must look to the allegations in the pleadings, construe them in the plaintiff's favor, and look to the pleader's intent. *See Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002); *Peek v. Equip. Serv. Co.*, 779 S.W.2d 802, 804 (Tex.1989). The plaintiff bears the burden to allege facts that affirmatively demonstrate the trial court's jurisdiction to hear a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to determine if a fact issue exists. *Miranda*, 133 S.W.3d at 227. The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary

judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* at 228.

## IMMUNITY

 "[S]overeign immunity deprives a trial court of subject-matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Id.* at 224. Political subdivisions of the state, including cities, are entitled to immunity (referred to as governmental immunity) unless it has been waived. *Reata Constr. Corp.*, 197 S.W.3d at 374. "[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2009). The plaintiff bears the burden to plead facts that affirmatively demonstrate that governmental immunity has been waived and that the court has subject-matter jurisdiction. *McMahon Contracting, L.P. v. City of Carrollton*, 277 S.W.3d 458, 464 (Tex.App.-Dallas 2009, pet. denied).

The Texas Supreme Court recently explained governmental immunity in *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009). In *Heinrich*, a police officer's widow brought a declaratory judgment action against several governmental entities and officials after her pension benefits were reduced. *Id.* at 369. The defendants filed pleas to the jurisdiction which the trial court denied. *Id.* The court of appeals affirmed the trial court's order. *Id.* The supreme court affirmed in part and reversed in part, concluding that "while governmental immunity generally bars suits for retrospective money relief, it does not preclude prospective injunctive remedies in official-capacity suits against government actors who violate statutory or constitutional provisions." *Id.* at 368–69. As to suits against governmental entities, however, the court concluded, "[n]everthe-

less, as a technical matter, the governmental entities themselves—as opposed to their officers in their official capacity—remain immune from suit," unless the claim challenges the validity of an ordinance or statute. *Id.* at 372–73. The court explained, "[f]or claims challenging the validity of ordinances or statutes, ... the Declaratory Judgment Act requires that the relevant governmental entities be made parties, and thereby waives immunity." *Id.* at 373 n. 6. If the claim challenges actions taken under an ordinance or statute rather than the validity of the ordinance or statute itself, the governmental entity is immune from suit on the claim. *Id.*

## ANALYSIS

The trial court concluded that the City was not immune from the landowners' requests for a judgment declaring that the City had not accepted, or had abandoned, public dedication of the easements. The landowners argue that the trial court ruled correctly because the Declaratory Judgments Act permits suits against the government "to clarify a person's legal rights in relation to the government," *see* TEX. CIV. PRAC. & REM.CODE ANN. §§ 37.001–.011 (Vernon 2008), and that they ought to be able to sue the City to have their rights determined. The landowners note that section 37.004 of the Declaratory Judgments Act allows interested parties to obtain a declaration regarding their status under a statute or municipal ordinance:

(a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have deter-

mined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

*Id.* § 37.004. But subsection (b) of section 37.006 identifies the matters in which the municipality must be made a party:

(b) In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party and is entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard.

*Id.* § 37.006.

As was true in *Heinrich,* the landowners here do not challenge the validity of a City ordinance or statute.[3] Instead, they ask the court to declare that the City has not accepted, or has abandoned, public dedication of the easements. Consequently, even if the landowners' "rights, status, or other legal relations" were "affected by a ... municipal ordinance" under section 37.004, *Heinrich* states that the waiver of immunity under section 37.006 does not include all suits that could be brought under section 37.004. Section 37.006 only waives immunity for "claims challenging the validity of ordinances or statutes." *Id.; State v. BP Am. Prod. Co.,* 290 S.W.3d 345, 360 (Tex.App.-Austin 2009, pet. filed) ("The UDJA is not a general waiver of sovereign immunity") (citing *Heinrich,* 284 S.W.3d at 370, and *Tex. Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex.2002)). As the *BP America* court concluded, "[f]or this reason, the UDJA cannot be used as a

---

3. In their brief, the landowners contend that they alleged that a city ordinance violated the local government code; their citation, howev-

er, is to their fifth amended petition, not the third amended petition that was the subject of the trial court's order.

vehicle to obtain declarations having the effect of establishing a right to relief against the State for which sovereign immunity has not been waived." *BP Am.*, 290 S.W.3d at 360.

The landowners also argue that "[p]rivate parties may seek declaratory relief against governmental actors who allegedly act without legal or statutory authority," citing *IT–Davy*, 74 S.W.3d at 855. As their statement acknowledges, however, the suits permitted by *IT–Davy* are against individual government actors, not against the government entity.[4]

■ This issue has been discussed more recently by the Texas Supreme Court in *Texas Department of Insurance v. Reconveyance Services, Inc.*, 306 S.W.3d 256 (Tex.2010) (per curiam). Reconveyance sued the Department for "a declaration that charging additional fees for the services Reconveyance wished to provide in Texas is not prohibited by the Texas Insurance Code." *Id.* at 257. The supreme court concluded that the Department's plea to the jurisdiction should have been granted under *Heinrich* because "Reconveyance's allegations and requested declaration are, in substance, *ultra vires* claims." *Id.* at 258–59. The court explained:

In *Heinrich*, ... we confirmed that "suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money." *Heinrich*, 284 S.W.3d at 372. However, "[t]o fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* We held that "as a technical matter, the governmental entities themselves—as opposed to their officers in their official capacity—remain immune from suit" on such claims. *Id.* at 372–73. This rule "derives from the premise that the 'acts of officials which are not lawfully authorized are not acts of the State.'" *Id.* at 373 (quoting *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 712 (1945)). We concluded that suits complaining of *ultra vires* action may not be brought against a governmental unit possessed of sovereign immunity, but must be brought against the allegedly responsible government actor in his official capacity. *Id.*

4. As explained by the *Heinrich* court:

Nonetheless, as a technical matter, the governmental entities themselves-as opposed to their officers in their official capacity-remain immune from suit. We have been less than clear regarding the permissible use of a declaratory remedy in this type of *ultra vires* suit. Must it be brought directly against the state or its subdivisions? Or must it be brought against the relevant government actors in their official capacity? *Compare Fed. Sign* [*v. Tex. S. Univ.*, 951 S.W.2d 401, 404 (Tex.1997)] ("A private litigant does not need legislative permission to sue the State for a state official's violations of state law.") (citations omitted), *with IT–Davy*, 74 S.W.3d at 855 ("Private parties may seek declaratory relief against state

officials who allegedly act without legal or statutory authority.") (citations omitted). It seems to us, however, that because the rule that *ultra vires* suits are not "suit[s] against the State within the rule of immunity of the State from suit" derives from the premise that the "acts of officials which are not lawfully authorized are not acts of the State," [quoting *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 712 (1945)] it follows that these suits cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity. This is true even though the suit is, for all practical purposes, against the state. *Heinrich*, 284 S.W.3d at 372–73 (internal footnotes omitted).

*Reconveyance,* 306 S.W.3d at 258. Consequently, and as the court's opinion in *Reconveyance* confirms, the landowners' claims "must be brought against the allegedly responsible government actor in his official capacity," not against the City, because the claims do not challenge the validity of ordinances or statutes. *Id.*

■■■ The landowners argue that the City has waived the issue of whether a public official, rather than the City itself, should have been named as a defendant. We disagree. The City was not required to argue, and we are not required to determine, whether other persons that are not parties to the suit would be proper defendants in order to decide whether the trial court lacks subject-matter jurisdiction over the plaintiffs' claims against the City.

The landowners also note that in *Seals v. City of Dallas,* 249 S.W.3d 750, 757 (Tex.App.-Dallas 2008, no pet.) (citing *Bell v. City of Grand Prairie,* 221 S.W.3d 317, 321 (Tex.App.-Dallas 2007, no pet.)), we previously stated, "[g]overnmental immunity does not bar a declaratory judgment action unless the plaintiff seeks a declaration of the government's liability for money damages." In *City of Seagoville v.*

*Lytle,* 227 S.W.3d 401, 410 (Tex.App.-Dallas 2007, no pet.), we also noted that "[c]ertain declaratory judgment actions do not implicate the doctrines of sovereign or governmental immunity," and stated, "[a] declaratory judgment action against the government seeking a declaration of a party's rights and status under a statute is not barred by governmental immunity."[5] *See also City of Dallas v. Martin,* 214 S.W.3d 638, 644 (Tex.App.-Dallas 2006, pet. granted) (no governmental immunity in suits to construe legislation; trial court correct in denying City's plea to jurisdiction to extent appellees' claims for declaratory judgment were limited to declaring rights, status, and legal relations of parties under ordinance). At the time of these decisions, however, we did not have the benefit of the court's analysis in *Heinrich.* And we were not called upon in *Seals* or *Bell* to determine whether the waiver of governmental immunity in section 37.006(b) of the Declaratory Judgments Act is limited to claims involving "the validity of a municipal ordinance or franchise," or instead waives immunity for any declaratory relief sought under section 37.004.

**5.** We concluded in *Lytle* that the portion of Lytle's declaratory judgment action that sought back pay was barred by governmental immunity, but the portion that sought withdrawal of a disciplinary action and reinstatement to his original position and pay grade did "not seek an award of money damages and is not barred by governmental immunity." *Lytle,* 227 S.W.3d at 410. In *Lytle,* we relied on *Texas Education Agency v. Leeper,* 893 S.W.2d 432, 446 (Tex.1994) (UDJA "contemplates that governmental entities may be—indeed, must be—joined in suits to construe their legislative pronouncements," therefore, "by authorizing declaratory judgment actions to construe the legislative enactments of governmental entities and authorizing awards of attorney fees, the DJA necessarily waives governmental immunity for such awards"). *Id.* The landowners also

cite *Texas Department of Banking v. Mount Olivet Cemetery Ass'n,* 27 S.W.3d 276, 281 (Tex.App.-Austin 2000, pet. denied), *City of LaPorte v. Barfield,* 898 S.W.2d 288, 297 (Tex.1995), and *Beacon National Insurance Co. v. Montemayor,* 86 S.W.3d 260, 266 (Tex. App.-Austin 2002, no pet.), for the proposition that "[a] party may also maintain a suit against governmental defendants to determine its rights without obtaining legislative permission." The courts in *Mount Olivet* and *Beacon National* relied on *City of La Porte,* which in turn relied on *Leeper. See City of La Porte,* 898 S.W.2d at 297; *Beacon Nat'l Ins. Co.,* 86 S.W.3d at 266; *Mount Olivet,* 27 S.W.3d at 281. These cases, decided before *Heinrich,* are distinguishable for the same reasons we distinguish *Seals, Bell,* and *Lytle.*

Unlike our opinions in *Seals, Bell,* and *Lytle,* the supreme court in *Heinrich* was called upon to answer not only whether a permissible type of declaratory relief was sought, but also whether the suit could be "brought directly against the state or its subdivisions" rather than "the relevant government actors in their official capacity." *See Heinrich,* 284 S.W.3d at 373–74. The supreme court concluded "the governmental entities themselves—as opposed to their officers in their official capacity— remain immune from suit," unless there are "claims challenging the validity of ordinances or statutes." *Id.* at 372–73 and n. 6.

Consequently, under *Heinrich,* we conclude that the trial court erred in denying the City's plea to the jurisdiction because the landowners' claims for declaratory relief in their third amended petition do not challenge the validity of a city ordinance, and because the claims are made against the City itself.[6] We sustain the City's first issue.

In its second issue, the City argues that the trial court erred in denying its plea to the jurisdiction as to appellees' request for attorney's fees. In its plea to the jurisdiction, the City contended that "there is no waiver of governmental immunity for attorney's fees under chapter 37 of the Texas Civil Practice and Remedies Code." In its brief on appeal, in addition to its argument that there is no waiver of immunity, the City contends that the landowners do not have a claim for attorney's fees under the Declaratory Judgments Act because they "have no proper claim for declaratory relief." The landowners counter that they have a proper claim for declaratory relief

and are entitled to attorney's fees under the Declaratory Judgments Act, citing *City of Austin v. Roberson,* No. 13–06– 00218–CV, 2008 WL 802315, at *3–5 (Tex. App.-Corpus Christi Mar. 27, 2008, no pet.) (mem. op.). They also argue that they are entitled to recover attorney's fees in a suit to quiet title, citing *Florey v. Estate of McConnell,* 212 S.W.3d 439 (Tex.App.-Austin 2006, pet. denied).

The landowners do not cite to any specific waiver of immunity for their claim for attorney's fees under the Declaratory Judgments Act. Neither *Florey* nor *Roberson* addressed the issue of governmental immunity. The landowners do argue that they are entitled to recover attorney's fees on "a proper claim for declaratory relief," and the trial court did not err in denying the City's plea to the jurisdiction on the landowners' claim for attorney's fees.

In its reply brief, the City cites *MBM Financial Corp. v. The Woodlands Operating Co., L.P.,* 292 S.W.3d 660, 667–71 (Tex. 2009), arguing that the landowners cannot rely on the Declaratory Judgments Act to recover fees when the underlying claims do not permit recovery of fees. The City argues that attorney's fees are not available in actions for adverse possession, trespass to try title, or suits to quiet title, and appellees' declaratory judgment claims duplicate those claims.

The issue raised in the City's plea to the jurisdiction and addressed in the City's appeal, however, is that the City did not waive its immunity to the landowners' claim for attorney's fees. The landowners' response and the City's reply address

---

**6.** The landowners assert that they "should have the right to amend their pleadings upon remand" to include individual City officials. Because we are remanding the cause for the trial court to consider claims not addressed in the plea to the jurisdiction rather than dis-

missing all of the landowners' claims, the landowners will have the opportunity to seek to join additional parties or amend their pleadings as the rules may allow. *See, e.g.,* Tex R. Civ. P. 63 (amendments and responsive pleadings); 39–41 (joinder of parties).

whether attorney's fees are available for the landowners' claims on the merits. While governmental immunity to a claim for attorney's fees under the Declaratory Judgments Act may be waived in some circumstances, *see Texas Education Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) ("We conclude that by authorizing declaratory judgment actions to construe the legislative enactments of governmental entities and authorizing awards of attorney fees, the DJA necessarily waives governmental immunity for such awards."), the landowners do not cite to or rely on cases discussing waiver. We agree with the City that the landowners did not establish a waiver of immunity for their claim for attorney's fees.

We sustain the City's second issue.

### LANDOWNERS' CROSS-APPEAL

In the first issue of their cross-appeal, the landowners complain that the trial court erred by granting the City's plea to the jurisdiction as to their request for injunctive relief. They argue that governmental immunity is waived in injunction actions that are related to declaratory relief, citing *Greater New Braunfels Home Builders Ass'n v. City of New Braunfels*, 240 S.W.3d 302 (Tex.App.-Austin 2007, pet. denied). However, the issue of governmental immunity with respect to a request for injunctive relief was not raised or discussed in the *City of New Braunfels* case. *See generally id.* at 303–11.

The landowners also cite our opinion in *Bell* for the proposition that "a city does not enjoy immunity in an injunction case." *See Bell*, 221 S.W.3d at 325 ("We conclude appellants' request for an injunction requiring the City to comply with section 143.041 in the future is not barred by governmental immunity."). As we discussed previously, however, our conclusion in *Bell* that the firefighter plaintiffs could seek injunctive and declaratory relief regarding future compliance with a city ordinance was reached without the benefit of the *Heinrich* opinion and did not address the scope of declaratory relief available or the immunity of the governmental entity itself. *See Bell*, 221 S.W.3d at 324–25.

Based on our previous analysis of the *Heinrich* case, we conclude that the trial court did not err in granting the City's plea to the jurisdiction as to the landowners' claims for injunctive relief in the third amended petition. *See Heinrich*, 284 S.W.3d at 376–77. We overrule the landowners' first issue.

■ In their second issue, the landowners argue that the trial court erred in granting the City's plea to the jurisdiction as to their request for declaratory judgment under the Texas Water Code. As with their other claims for declaratory relief, the landowners' claims under the Texas Water Code do not challenge the code's validity, but rather contend that the City's actions violate provisions of the Texas Water Code. Additionally, the landowners did not plead that any waiver of immunity applies to their Texas Water Code claims.

The landowners rely on *Abbott v. City of Princeton*, 721 S.W.2d 872, 875–76 (Tex. App.-Dallas 1986, writ ref'd n.r.e.), *disapproved of on other grounds by Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 281 and n. 79 (Tex.2004), in which we concluded that a city was a "person" for purposes of the Texas Water Code's prohibition on diversion or impounding of surface water in a manner that damages property of another. But *Abbott* is distinguishable for two reasons. First, we did not decide an issue of governmental immunity. *See Abbott*, 721 S.W.2d at 875–76. Second, *Abbott* was decided before the enactment in 2001 of section 311.034 of the government code, which provides in part,

"[i]n a statute, the use of 'person,' as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction." TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2009).

For the reasons we previously discussed regarding the other requests for declaratory relief, we conclude that the trial court did not err in sustaining the City's plea to the jurisdiction regarding the landowners' request for declaratory relief under the Texas Water Code. *See Heinrich,* 284 S.W.3d at 372–73 (governmental entities remain immune from suit unless claim challenges validity of ordinance or statute). Consequently, we overrule the landowners' second issue.

■■■ In their third issue, the landowners argue that the trial court erred by sustaining the City's plea to the jurisdiction regarding their claim for adverse possession. The landowners do not allege any statutory provision by which the City has "clearly and unambiguously" waived its governmental immunity to their adverse possession claim. *See* TEX. GOV'T CODE ANN. § 311.034. Instead, they argue that the trial court should have denied the City's plea to the jurisdiction as to the adverse possession claim because fact issues remain that need to be developed, citing *Miranda.* But this contention addresses the merits of the landowners' adverse possession claims, not the question whether the City has waived its immunity so that the trial court may exercise jurisdiction over the claims.

In addition, the landowners' claim to title to the property by adverse possession would be determined through a trespass to try title action. TEX. PROP.CODE ANN. § 22.001 (trespass to try title action is method of determining title to lands or other real property). The landowners argue that the City is not immune from their trespass to try title claims, citing *Porretto v. Patterson,* 251 S.W.3d 701, 708 (Tex. App.-Houston [1st Dist.] 2007, no pet.). The court in *Porretto,* however, recognized the rule that "the State and Galveston are immune from a trespass to try title action," but concluded that the action could continue against individual government officials. *See Porretto,* 251 S.W.3d at 710, 711–12 (citing *State v. Lain,* 162 Tex. 549, 552, 349 S.W.2d 579, 581 (1961)). As a result, we conclude that the trial court did not err in dismissing the landowners' claim for title to the property by adverse possession. *See also BP America,* 290 S.W.3d at 352–59 (trespass to try title claim could proceed against state official, but would be barred by sovereign immunity if asserted against the State). We overrule the landowners' third issue.

STATUS OF PLEADINGS—CLAIMS REMAINING

The landowners contend that the trial court ruled only on causes of action that were alleged in their third amended petition, and that the causes of action alleged in their fourth and fifth amended petitions "will continue regardless of how this Court rules on this appeal" because they are "pending unresolved matters between the parties." The City appears to agree that there are "claims remaining in the trial court," and states that the trial court's ruling "did not consider whether the City was immune from suit for the claims added after the Third Amended Petition," but also states that "after five amended pleadings," we should affirm the trial court's order dismissing certain of the landowners' claims, and reverse the portion of the order denying the City's plea to the jurisdiction. We conclude that the City's plea to the jurisdiction and the trial court's order addressed all but two of the claims assert-

ed in plaintiffs' operative fifth amended petition.

In its first amended answer, the City asserted a special exception and plea to the jurisdiction to the plaintiffs' original petition, claiming that plaintiffs had failed to plead a valid waiver of governmental immunity as to any of their claims. The trial court granted the special exception and gave plaintiffs the opportunity to re-plead. The plaintiffs amended their petition a second and third time, and the City filed pleas to the jurisdiction to each amendment. The City's amended plea to the jurisdiction filed on July 2, 2009, addressed the claims in plaintiffs' third amended petition. Plaintiffs filed a fourth amended petition on July 8, 2009. The hearing on the City's plea to the jurisdiction was held on July 9, 2009. At the hearing, the trial court indicated it would grant part and deny part of the plea to the jurisdiction. On July 10, 2009, after the hearing but before the trial court signed its order, plaintiffs amended their petition a fifth time. The trial court's order was signed on July 13, 2009, granting the plea in part and denying it in part. Consequently, the fifth amended petition is the current live pleading. And as an amended pleading, it supersedes and supplants earlier pleadings. TEX.R. CIV. P. 65; *Seung Ok Lee v. Ki Pong Na,* 198 S.W.3d 492, 494 (Tex.App.-Dallas 2006, no pet.).

■■■ Generally, "[i]f the pleadings do not allege facts sufficient to affirmatively demonstrate jurisdiction but the defects in pleading are curable by amendment, the issue is one of pleading sufficiency and the pleader should be afforded an opportunity to amend." *Bell,* 221 S.W.3d at 321. But where a plaintiff has been given a reasonable opportunity to amend his pleading, and the amended pleading still does not allege facts that would constitute a waiver of immunity, the court should dismiss the case with prejudice. *Harris County v. Sykes,* 136 S.W.3d 635, 639 (Tex.2004).

The landowners argue that the City's plea to the jurisdiction did not address the following causes of action alleged in the fifth amended petition, and that these claims survive the plea to the jurisdiction, the trial court's order on the plea, and the appeal: their request for a declaration that a city street cannot be constructed on Ravine Drive extension under City ordinances; their request for a declaration that City Code section 51A–8.502(d) is in conflict with state statutes; their constitutional due course/due process claims; and their trespass to try title claim.

■■■ Our review is limited to the grounds set forth in the plea to the jurisdiction before the trial court. *See City of Dallas v. First Trade Union Sav. Bank,* 133 S.W.3d 680, 686–88 (Tex.App.-Dallas 2003, pet. denied) (where City did not raise issue of immunity to contract claim in plea to jurisdiction, bank never given opportunity to amend petition to meet challenge, and court could not consider issue on appeal).

■■■ We conclude that the City's plea addressed the trial court's jurisdiction over all requests of the landowners for declaratory judgment, with two exceptions. First, in paragraph 28 of their fifth amended petition, the landowners seek a declaratory judgment that " § 51A–8.502(d) of the Dallas City Code conflicts with §§ 212.013 and 212.014, Tex. Loc. Gov't Code, and is null and void." Sections 212.013 and 212.014 of the local government code permit a plat to be vacated and replatted under certain circumstances. *See* TEX. LOCAL GOV'T CODE ANN. §§ 212.013, .014 (Vernon 2008). The landowners contend that section 51A–8.502(d) of the Dallas City Code "violate[s] state law" because it "includes additional requirements that pre-

vent the plat and its offer of dedication from being vacated under state statute." Specifically, the landowners contend that the city code "prohibit[s] revocation or vacation of an offered street easement because the Turleys built a house on the Turley Tract." This challenge to a city ordinance was not included in the third amended petition or addressed in the City's plea to the jurisdiction.

■ Second, the landowners assert for the first time in their fourth amended petition, and also allege in their fifth amended petition, that if governmental immunity bars their claims, then they have been denied due process and access to the courts for a remedy. The City's plea to the jurisdiction did not include these claims, the trial court did not rule on them, and they are not mentioned in the City's appeal.

■ The landowners asserted a trespass to try title claim in their original petition, omitted it in their third amended petition, then reasserted it in their fourth and fifth amended petitions. The landowners' fifth amended petition includes a count entitled "Adverse Possession/Trespass to Try Title," while the third amended petition entitles this count only "Adverse Possession." The substance of the allegations in both petitions, however, is that the Aarons and the Turleys claim title to the property by adverse possession, and the City's plea and the trial court's order both addressed this claim. These claims were addressed in substance in the City's plea to the jurisdiction and in the trial court's order. Adding "trespass to try title" to the landowners' adverse possession claims by pleading amendment does not present any new claim for which the landowners can demonstrate a waiver of immunity, and the trial court properly dismissed the adverse possession claims. *Sykes,* 136 S.W.3d at 639. Consequently, we conclude that except as to the challenge to the city ordinance pleaded in paragraph 28 of the landowners' fifth amended petition, and the due process and access to the courts claims in paragraph 35 of the landowners' fifth amended petition, the City has challenged, and the trial court has ruled on, all of the claims in the landowners' operative petition.

PENDING MOTIONS

■ Prior to oral argument, the City filed a motion to correct the caption of the case to delete any reference to the Barretts. In an order dated November 20, 2009, we deferred ruling on the motion, but ruled that the Barretts were not entitled to present oral argument at submission because they had not filed a brief on the merits of the interlocutory appeal. The parties to the appeal before us are the landowners and the City. On our own motion on August 12, 2009, we consolidated a petition for writ of injunction filed by the landowners with the interlocutory appeal. The petition for writ of injunction listed the Barretts as real parties in interest. The landowners acknowledged in the petition for writ of injunction that they requested the same relief as they sought in their emergency motion for temporary relief, which we granted in part on July 13, 2009, and denied in part on August 12, 2009. The Barretts participated in the briefing regarding the emergency motion, and our order of July 13 prohibited the Barretts as well as the City from taking action to cut down trees or install a storm water line in the disputed area pending further order of this Court. While we agree that the Barretts are not parties to the appeal of the trial court's ruling on the plea to the jurisdiction, and we do not include them as parties in our judgment today, their participation in related motions was proper, and they will remain on

our service lists for this cause number. We deny the City's motion to correct the caption.

We next address the landowners' motion to strike the City's pleading entitled "Additional Authorities and Record Cite." The City filed this pleading the day before oral argument without requesting leave of court. In the pleading, the City argued that we should affirm the trial court's order granting the plea to the jurisdiction for the additional reason that the landowners' claims were not yet ripe. The City asserted that this ripeness ground was included in its plea to the jurisdiction, and the landowners did not challenge it on appeal; therefore, the City argued that we could affirm the trial court's order on this ground alone. But even if we consider the City's ripeness argument, it would not alter our conclusions regarding the trial court's rulings on the plea to the jurisdiction. The City's ripeness argument did not extend to the parties' more fundamental disputes regarding title to the property and the City's use of the easements. We do not need to decide whether the ripeness argument was properly before us.

In motions for emergency relief filed after submission of the case, the landowners and the Barretts sought further declarations regarding removal of gates located on the disputed property. The Barretts also sought withdrawal of our order of July 13, 2009, asserting that we lacked jurisdiction to enter it. Because our ruling today addresses only the City's plea to the jurisdiction and results in the remand of the cause to the trial court, we vacate our orders of July 13, 2009 and August 12, 2009, and deny the landowners' and the Barretts' pending motions for emergency relief.

### CONCLUSION

Because the City is immune from suit on the claims asserted in the landowners'

third amended petition, we overrule the landowners' issues and sustain the City's. We affirm in part and reverse in part the trial court's order on the City's amended plea to the jurisdiction, and remand the case to the trial court.