

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00109-CV

**CITY OF BRUCEVILLE-EDDY, TEXAS,**

                                                 **Appellant**

 **v.**

**DANIEL FERGUSON,**

                                                 **Appellee**

_____

### From the 82nd District Court
### Falls County, Texas
### Trial Court No. 38094

---

## MEMORANDUM OPINION

---

Daniel Ferguson was terminated as the Chief of Police for the City of Bruceville-Eddy by the City Council effective August 11, 2011. Ferguson ultimately sued the City for declaratory relief. In response, the City filed a motion to dismiss for lack of jurisdiction asserting immunity from suit. The trial court denied the motion, and the City appealed. Because the trial court erred in denying the City's motion, the trial court's order is reversed and a judgment is rendered that Ferguson's claims be dismissed.

## IMMUNITY AND THE UNIFORM DECLARATORY JUDGMENTS ACT

In three issues, the City contends that the trial court erring in denying its motion to dismiss for lack of jurisdiction. In its first issue, the City argues that it is immune from a suit for money damages and immunity has not been waived by the Uniform Declaratory Judgments Act.

Sovereign immunity protects the State and its various divisions, such as agencies and boards, from suit and liability, whereas governmental immunity provides similar protection to the political subdivisions of the State, such as counties, cities, and school districts. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57-58 (Tex. 2011) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)). No one disputes that the City is afforded the protections of governmental immunity. When dealing with these immunities, the Legislature has been required to express its intent to waive immunity clearly and unambiguously. *Id*. (citing *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994) and TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2011) (codifying the clear and unambiguous standard)).

An order which grants or denies a plea questioning the trial court's jurisdiction is reviewed de novo. *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). When such a plea challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Ass'n of Bus. v. Tex. Air Control*

*Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.*

Ferguson's suit was filed pursuant to the Uniform Declaratory Judgments Act; and while the UDJA waives immunity for certain claims, such as challenges to the validity of a municipal ordinance or statute, it is not a general waiver of immunity. TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b) (West 2008); *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009). The UDJA does not alter or enlarge a trial court's jurisdiction; rather, it is "merely a procedural device for deciding cases already within a court's jurisdiction." *Sawyer Trust*, 354 S.W.3d at 888 (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)); *Heinrich*, 284 S.W.3d at 370. And a litigant's request for declaratory relief does not alter a suit's underlying nature. *Heinrich*, 284 S.W.3d at 370. Accordingly, immunity will bar an otherwise proper UDJA suit that has the effect of establishing a right to relief against the State or its political subdivisions for which the Legislature has not waived immunity. *Sawyer Trust*, 354 S.W.3d at 388.

Ferguson does not challenge the validity of a municipal ordinance or statute. Instead, he requests a declaration that the City violated sections 614.022-.023 of the Texas Government Code and requests reinstatement as of the time of his termination including an award for salary and monetary benefits from the time he was terminated

to the time he is reinstated. This is a suit for money damages, and the City is immune from such a suit. *See City of Dallas v. Albert*, 354 S.W.3d 368, 378 (Tex. 2011); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 368 (Tex. 2009); *City of Houston v. Williams*, 216 S.W.3d 827, 828-29 (Tex. 2007). Further, there is nothing in sections 614.022-.023 that clearly and unambiguously waives the City's immunity. *See* TEX. GOV'T CODE ANN. §§ 614.022-.023 (West 2012) (signed complaint against peace officer to be given to officer within a reasonable time; no disciplinary action may be taken without a copy of the complaint given to the officer).

Ferguson asserts, however, that section 180.006(c) of the Texas Local Government Code waives immunity for the recovery of back pay. TEX. LOC. GOV'T CODE ANN. § 180.006(c) (West 2008). Ferguson's pleadings, even read liberally, do not allege a cause of action pursuant to section 180.006 which might waive the City's immunity.[1]

Further, Ferguson relies on the Dallas Court of Appeals' opinion in *City of Seagoville v. Lytle* for the proposition that because part of his declaratory judgment action sought his reinstatement, he did not seek an award of money damages and that portion is not barred by immunity. *City of Seagoville v. Lytle*, 227 S.W.3d 401, 410 (Tex. App.—Dallas 2007, no pet.). His reliance on *Lytle* is misplaced. As the Dallas Court of Appeals later acknowledged, *Lytle* was issued before the Supreme Court's opinion in *Heinrich* discussing the limitations of a waiver of immunity per the UDJA and has no

---

[1] Ferguson asserts in his brief that he mentioned section 180.006 to the trial court at the hearing on the City's motion. However, no record was made of that hearing.

applicability. *City of Dallas v. Turley*, 316 S.W.3d 762, 771 (Tex. App.—Dallas 2010, pet. denied). Because Ferguson does not challenge the validity of an ordinance or statute, the City's immunity is not waived for any part of Ferguson's suit.

Finally, Ferguson asserts that if we determine his declaratory judgment claims are actually ultra vires claims that should have been brought against city officials, then we should remand the case so he can amend his pleadings. *See Heinrich*, 284 S.W.3d at 371-72 (holding that a suit seeking a declaratory judgment that a governmental official acted without legal or statutory authority, such as where a statute or the constitution requires that a contract be performed in a certain way, is an ultra vires claim that must be brought against the official). But *Heinrich* clarified that only prospective, not retrospective, relief is available in an ultra vires claim. *City of Dallas v. Albert*, 354 S.W.3d 368, 379 (Tex. 2011); *Id.* at 376. Because Ferguson sought only retrospective relief, that is, reinstatement as of the time of his termination and back pay, his declaratory judgment claims must be dismissed. *See id.*

The City was immune from suit as pled by Ferguson; and thus, the trial court erred in denying the City's motion to dismiss. The City's first issue is sustained. Because of our disposition of the City's first issue, we need not address the City's remaining issues.

## CONCLUSION

The trial court's order denying the City's motion to dismiss for lack of

jurisdiction is reversed and a judgment is rendered that Ferguson's claims be dismissed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and rendered
Opinion delivered and filed November 1, 2012
[CV06]