REVERSE and RENDER; Opinion Filed April 1, 2013.



In The

Court of Appeals

Fifth District of Texas at Dallas

No. 05-12-01269-CV

CITY OF DALLAS, Appellant

V.

TEXAS EZPAWN, L.P. D/B/A EZMONEY LOAN SERVICES, Appellee

On Appeal from the 14th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-12-03373-A

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang and Lang-Miers
Opinion by Justice Lang-Miers

This is an interlocutory appeal from the denial of the City of Dallas's amended plea to the jurisdiction. We reverse the trial court's order and render judgment granting the City's plea and dismissing appellee's lawsuit with prejudice. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

Texas EZPAWN, L.P. operates a pawn shop in Dallas County. In 2003 it began to offer short- and long-term loans under the trade name EZMONEY Loan Services. In 2012 the City told EZPAWN that its loan services business constitutes an "Alternative Financial Establishment" under Dallas City Code section 51A-4.207 and that it must comply with the provisions of that section. As relevant here, section 51A-4.207 defines Alternative Financial Establishment as "a car title loan business, check cashing business, or money transfer

business. . . . An alternative financial establishment does not include an establishment that provides financial services that are accessory to another main use." Dallas, Tex., Code ch. 51A, art. IV, § 51A-4.207(1) (1987).

EZPAWN disagreed with the City's interpretation of section 51A-4.207 and informally attempted, but failed, to persuade the City that EZMONEY is not an Alternative Financial Establishment. EZPAWN then filed this lawsuit seeking a judicial declaration that its loan services business is not an Alternative Financial Establishment, or, alternatively, that the business is accessory to its "main pawn shop use." The City filed a plea to the jurisdiction based in part on governmental immunity. EZPAWN amended its petition and alleged that section 37.004 of the Uniform Declaratory Judgments Act waived the City's immunity because the "suit seeks the determination of the question of whether the 'accessory use' provisions of Dallas City Code sections 51A-4.207 and 51A-4.217 should be construed to encompass the offering of short term and long term loans to the customers of a pawn shop, incidental to the operation of the pawnshop [sic]." The City amended its plea to the jurisdiction to assert that the UDJA did not waive its governmental immunity for a suit against the City for the construction or interpretation of an ordinance and that EZPAWN had not challenged the validity of the ordinance. In response, EZPAWN alleged that the waiver of immunity applies to suits involving statutory interpretation as well as invalidation. After a hearing, the trial court denied the City's amended plea and this interlocutory appeal followed.

**Standard of Review**

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *City of Dallas v. Turley*, 316 S.W.3d 762, 767 (Tex. App.—Dallas 2010, pet. denied). Whether a trial court has subject matter jurisdiction is a question of law, which we review de novo. *Id.*

–2–

When a plea to the jurisdiction challenges the pleadings, we must determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Id.* The plaintiff bears the burden to allege facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.* We construe the allegations in the pleadings liberally in favor of the plaintiff and look to the pleaders' intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate jurisdiction, but might be cured by amendment, the issue is one of pleading sufficiency and the court should allow the plaintiff an opportunity to amend. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226–27 (Tex. 2004). On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend its pleading. *Id.* at 227.

## Applicable Law

"[S]overeign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Id.* at 224. Municipalities are political subdivisions of the state and entitled to governmental immunity unless it has been waived. *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex. 2006). The waiver of governmental immunity must be in clear and unambiguous language. TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2012).

## Analysis

The issue in this appeal is whether section 37.004 of the UDJA waived the City's governmental immunity. The City argues there is no waiver for declaratory judgment actions seeking only to construe the meaning of a statute. It argues that because EZPAWN sought only a construction or interpretation of the city ordinance and did not seek to invalidate the section, governmental immunity bars the lawsuit.

–3–

Section 37.004 states, "A person . . . whose rights, status, or other legal relations are affected by a . . . municipal ordinance . . . may have determined any question of construction or validity arising under the . . . ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (West 2008).

The Supreme Court of Texas has stated that the UDJA "does not enlarge the trial court's jurisdiction" and "is 'merely a procedural device for deciding cases already within a court's jurisdiction.'" *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (quoting *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011)). The court has recognized that the legislature expressly waived immunity for lawsuits challenging the validity of a municipal ordinance because section 37.006(b) of the UDJA expressly requires joinder of a municipality in actions challenging the validity of a municipal ordinance. *See id.* at 622 & n.3; *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009)). But the court has concluded that the legislature through the UDJA has not clearly and unambiguously waived governmental immunity for actions in which "the plaintiff seeks a declaration of his or her rights under a statute or other law." *See Sefzik*, 355 S.W.3d at 621; *Heinrich*, 284 S.W.3d at 373 n.6.

EZPAWN's petition does not challenge the validity of the ordinance; it seeks a construction of the ordinance. But EZPAWN does not direct us to any provision in the UDJA that expressly waives the City's immunity for that claim. It argues that three opinions from the supreme court have held that governmental immunity is waived for declaratory judgment actions seeking to construe a statute. We address each in turn.

The first case that EZPAWN contends supports its argument is *Texas Education Agency v. Leeper*, 893 S.W.2d 432 (Tex. 1994). EZPAWN quotes language from that case stating, "[t]he DJA expressly provides that persons may challenge ordinances or statutes, and that governmental entities must be joined or notified" and "[t]he Act thus contemplates that

-4-

*governmental entities may be – indeed, must be – joined in suits to construe their legislative pronouncements."* *Id.* at 446 (emphasis added). But this discussion was in the context of lawsuits in which governmental entities must be made a party. *See id.* And the only provision in which a municipality must be made a party is in an action challenging the validity of a statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.0011. Additionally, in *Leeper*, the parties *did* challenge the validity of a statute. *See Leeper*, 893 S.W.2d at 437 (class action suit filed to halt State's enforcement of compulsory attendance law based on "nothing other than the fact that a child was being schooled at home").

The second case upon which EZPAWN relies is *Texas Natural Resources Conservation Commission v. IT-Davy*, 74 S.W.3d 849 (Tex. 2002). EZPAWN argues that *IT-Davy* concluded that "the term 'challenges' was not limited to challenges to the *validity* of an ordinance or statute, but included challenges to a governmental entity's *construction* of the ordinance or statute." But in interpreting *Leeper*, the *IT-Davy* court stated that "the DJA expressly allows persons to challenge ordinances or statutes. Moreover, the DJA requires challengers to join governmental entities in suits to construe legislative pronouncements . . . ." *Id.* at 859–60. Because the UDJA requires governmental entities to be joined only in suits challenging the validity of an ordinance or statute, the *IT-Davy* case was referring to those types of challenges. *See id.* Additionally, *IT-Davy* involved a contract dispute, not a challenge to the validity of the statute. *See id.* at 856–57.

Finally, EZPAWN relies on *Texas Lottery Commission v. First State Bank of DeQueen*, 325 S.W.3d 628 (Tex. 2010). The issue in that case was whether provisions of the Texas Uniform Commercial Code conflicted with provisions of the Texas Lottery Act and, consequently, rendered the provisions of the Texas Lottery Act ineffective. *Id.* at 639. Although the court used language like "statutory interpretation" and "statutory construction," it was

undisputed that the lawsuit challenged the validity of the provisions of the Texas Lottery Act and did not simply seek an interpretation of the statute. *See id.* at 634–35, 640.

Construing EZPAWN's allegations liberally in its favor, we conclude that they do not allege facts that, if true, affirmatively demonstrate the trial court's subject matter jurisdiction. Indeed, because EZPAWN sought only the interpretation of an ordinance and a declaration that the ordinance does not apply to its loan services business, we conclude that the allegations affirmatively negate the trial court's subject matter jurisdiction. *See Turley*, 316 S.W.3d at 770–71.

## Conclusion

We sustain the City's issues, reverse the trial court's order, and render judgment dismissing the petition with prejudice.

ELIZABETH LANG-MIERS
JUSTICE

121269F.P05

−6−



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITY OF DALLAS, Appellant

No. 05-12-01269-CV    V.

TEXAS EZPAWN, L.P. D/B/A EZMONEY
LOAN SERVICES, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-03373-A.
Opinion delivered by Justice Lang-Miers,
Chief Justice Wright and Justice Lang
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

City of Dallas's plea to the jurisdiction is **GRANTED** and appellee Texas EZPAWN, L.P. d/b/a EZMONEY Loan Services's lawsuit is dismissed with prejudice.

It is **ORDERED** that appellant City of Dallas recover its costs of this appeal from appellee Texas EZPAWN, L.P. d/b/a EZMONEY Loan Services.

Judgment entered this 1st day of April, 2013.

_____
ELIZABETH LANG-MIERS
JUSTICE