**AFFIRMED; Opinion Filed May 21, 2015.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01049-CV

## ROAL GLOBAL CORPORATION, Appellant
## V.
## CITY OF DALLAS, Appellee

### On Appeal from the 95th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-14-00171-D

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Myers

Roal Global Corporation brings this interlocutory appeal from the trial court's order granting the City of Dallas's plea to the jurisdiction on the ground that the City was immune from suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2015) (permitting interlocutory appeal of order granting or denying governmental unit's plea to the jurisdiction). Appellant brings two issues on appeal contending (1) the trial court erred by granting the plea to the jurisdiction, and (2) the trial court should have allowed appellant to amend its pleading and name a government official in place of the City. We affirm the trial court's order granting the City's plea to the jurisdiction.

### BACKGROUND

Appellant alleged in its petition that it purchased two properties from the City that the City had acquired through the foreclosure of tax liens. Subsequently, the City asserted that

appellant owed the outstanding property taxes that had accrued before appellant purchased the properties. Appellant sued the City and four other governmental entities.[1] Appellant prayed for declaratory judgment that (a) the City did not properly apply the proceeds from the sale of the two properties, (b) the City should have applied the money from the sale to the taxes owed by the previous owners, (c) the City was liable for the property taxes accruing during the time the City owned or controlled the property, and (d) appellant did not owe any property taxes accruing before appellant purchased the properties.

The City answered and filed a plea to the jurisdiction asserting the City was immune from appellant's suit. After a hearing, the trial court granted the City's plea to the jurisdiction and dismissed appellant's petition as to the City.

## GOVERNMENTAL IMMUNITY & THE DECLARATORY JUDGMENTS ACT

In its first issue, appellant contends the trial court erred by granting the City's plea to the jurisdiction and determining that appellant's suit for declaratory judgment was barred by governmental immunity.

Governmental immunity deprives a trial court of subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a court has subject matter jurisdiction is a question of law. *Id.* at 226. A plea to the jurisdiction may challenge the plaintiff's pleading, the existence of the jurisdictional facts alleged in the pleading, or both. *Id.* Whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Id.*

Political subdivisions, like the City, derive governmental immunity from the state's sovereign immunity when they perform governmental functions. *City of Houston v. Williams*,

---

[1] Besides the City, appellant also sued Dallas County, Dallas Independent School District, Dallas County Community College, and Parkland Memorial Hospital.

353 S.W.3d 128, 134 (Tex. 2011). Governmental entities retain immunity from suit unless the immunity has been expressly waived by the legislature. *Id.* Legislative consent for suit must be "by clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (West 2013). The plaintiff must plead facts that affirmatively demonstrate that governmental immunity has been waived and that the trial court has subject matter jurisdiction. *City of Dallas v. Turley*, 316 S.W.3d 762, 767 (Tex. App.—Dallas 2010, pet. denied).

The Declaratory Judgments Act allows a party to seek a declaration of its rights, status, or other legal relations under a contract, statute, or ordinance. CIV. PRAC. § 37.004(a) (West 2015). The Act waives governmental immunity from a claim that a statute or ordinance is invalid. CIV. PRAC. § 37.006(b); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009); *City of McKinney v. Hank's Rest. Group, L.P.*, 412 S.W.3d 102, 112 (Tex. App.—Dallas 2013, no pet.). However, the Declaratory Judgments Act does not waive the government's immunity from suit against claims seeking a declaration of a party's statutory rights or an interpretation of an ordinance. *Heinrich*, 284 S.W.3d at 372–373; *Hank's Rest. Group*, 412 S.W.3d at 112. The Act also does not waive the government's immunity from a claim that a government officer or employee violated the law. *Heinrich*, 284 S.W.3d at 372–73; *Hank's Rest. Group*, 412 S.W.3d at 112. Governmental immunity does not bar a suit for prospective injunctive relief against government actors in their official capacity for violating the law. *See Heinrich*, 284 S.W.3d at 373–77; *Hank's Rest. Group*, 412 S.W.3d at 112.

In its brief on appeal, appellant states it seeks a declaration of its rights under a contract. Appellant's petition did not allege the existence of a contract. At oral argument of this cause, the Court asked appellant's counsel whether appellant was seeking a declaration of its rights under a contract or a statute. Counsel answered that appellant sought a declaration of its rights under a statute, namely, section 34.03 of the Texas Tax Code, and asserted that the City failed to

distribute the proceeds of the sale as required by the tax code. *See* TEX. TAX CODE ANN. §§ 34.02, .03 (West 2015) (governing disposition of proceeds from a tax sale). However, the Declaratory Judgments Act does not waive the government's immunity from a plaintiff's suit seeking a declaration of the plaintiff's rights under a statute or a declaration that government actors violated the law. *Hank's Rest. Group*, 412 S.W.3d at 112. Accordingly, we conclude the trial court did not err by determining appellant's suit against the City was barred by governmental immunity and granting the City's plea to the jurisdiction. We overrule appellant's first issue.

In its second issue, appellant contends the trial court erred by not giving appellant an opportunity to amend its petition and name a government official in place of the governmental entity. This case is an interlocutory appeal, and appellant's suit against the other governmental entities remains pending in the trial court. When the stay of proceedings in the trial court under section 51.014(b) of the civil practice and remedies code is lifted, appellant will have the opportunity to seek to join additional parties or amend its pleadings as the rules of civil procedure may allow. *See City of Dallas v. Turley*, 316 S.W.3d 762, 771 n.6 (Tex. App.—Dallas 2010, pet. denied); *see also* CIV. PRAC. § 51.014(b) (interlocutory appeal under section 51.014(a)(8) stays all proceedings in trial court pending resolution of appeal). We overrule appellant's second issue.

## CONCLUSION

We affirm the trial court's order granting the City's plea to the jurisdiction.

141049F.P05

/Lana Myers/
_____
LANA MYERS
JUSTICE

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ROAL GLOBAL CORPORATION, Appellant

No. 05-14-01049-CV     V.

CITY OF DALLAS, Appellee

On Appeal from the 95th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-00171-D.
Opinion delivered by Justice Myers. Justices Fillmore and Evans participating.

In accordance with this Court's opinion of this date, the order of the trial court granting the plea to the jurisdiction of appellee City of Dallas is **AFFIRMED**.

It is **ORDERED** that appellee CITY OF DALLAS recover its costs of this appeal from appellant ROAL GLOBAL CORPORATION.

Judgment entered this 21st day of May, 2015.