ACCEPTED
02-16-00114-cv
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
12/19/2017 10:39 AM
DEBRA SPISAK
CLERK

_____

**NO. 02-16-00114-CV**

_____

IN THE COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH, TEXAS

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
12/19/2017 10:39:25 AM
DEBRA SPISAK
Clerk

_____

Peter Schmitz, Sean Pollock and Larry & Becky LaDuke,
*Appellants*

v.

Denton County Cowboy Church and
the Town of Ponder, Texas,
*Appellees*

_____

**APPELLEE TOWN OF PONDER'S RESPONSE TO
APPELLANTS' MOTION FOR REHEARING**

_____

On Appeal from the 431st Judicial District, Denton County, Texas;
Trial Court Cause No. 15-06454-431, the Hon. Jonathan Bailey Presiding

_____

Matthew C.G. Boyle
State Bar No. 24001776
4201 Wingren, Suite 108
Irving, Texas 75062-2763
(972)650-7100 Phone
(972)650-7105 Fax
mboyle@boyle-lowry.com

# IDENTITY OF PARTIES AND COUNSEL

PLAINTIFFS/APPELLANTS

COUNSEL

Peter Schmitz, Sean Pollock, and
Larry & Becky LaDuke

Robert E. Hager
State Bar No. 08689500
rhager@njdhs.com
M. Shelby Pearcy
State Bar No. 24067756
spearcy@njdhs.com
500 N. Akard
Suite #1800
Dallas, Texas  75201
Telephone:  (214) 965-9900
Facsimile:   (214) 965-0010

Gregory J. Sawko
State Bar No. 17692700
gsawko@dentonlawyer.com
1172 Bent Oaks Drive
Denton, Texas 76210
Telephone: (940) 382-4357
Facsimile: (940) 591-0991

DEFENDANTS/APPELLEES

COUNSEL

Town of Ponder, Texas

Matthew C. G. Boyle
State Bar No. 24001776
mboyle@boyle-lowry.com
Matthew L. Butler
State Bar No. 24073984
mbutler@boyle-lowry.com
4201 Wingren, Suite 108
Irving, Texas 75062
Phone: 972-650-7100
Fax: 972-650-7105

Denton County Cowboy Church

Lance Vanzant
Texas Bar No. 24009736
Lvanzant@hbwvlaw.com
Dorwin L. Sargent, III
Texas Bar No. 24088352
dsargent@hbwvlaw.com
512 W. Hickory, Suite 100
P.O. Box 50149
Denton, Texas 7620 l
940-387-3518 - Tel.
866-546-9247 – Fax

TO THE HONORABLE COURT OF APPEALS:

**COMES NOW,** the Town of Ponder ("Ponder" or the "Town"), Appellee in the above entitled and numbered cause, and files this, its Response to Appellants' Motion for Rehearing filed September 29, 2017 (the "Motion").

## I. SUMMARY OF RESPONSE

The Ponder Town Council's rezoning of the Denton County Cowboy Church's (the "Church") property constituted a valid legislative action and Ponder's governmental immunity has not been waived. Appellants have not and can never plead an applicable waiver of Ponder's governmental immunity based on the pleadings and evidence in the record. Appellants seek rehearing based on their substantive challenge to Ponder's rezoning of the Church's property and a related claim that somehow Ponder violated the Open Meetings Act (Chapter 551 Texas Government Code). Appellants have failed to meet their burden to establish the Court's jurisdiction and cannot do so now. Appellants' live pleading is their Fourth Amended Petition and the trial court held an all-day evidentiary hearing on all matters raised in this appeal on December 30, 2015. Appellants still failed to meet its burden to plead an applicable waiver of Ponder's immunity and the factual applicability of any claimed source of waiver.

There is no record or evidence that Ponder acted in an arbitrary or capricious manner when the Ponder Town Council approved the Church's request to rezone its

1

property. Appellants' first and third issues in the Motion are founded on a baseless allegation that Ponder acted in an arbitrary or capricious manner in rezoning the Church's property. The applicable standard for determining whether or not the Ponder Town Council acted in an arbitrary or capricious manner is whether or not reasonable minds could differ as to whether the zoning change has a substantial relationship to the public health, safety, and welfare. Based on the provisions of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the Church's efforts to expand its religious offerings as part of the requested zoning change, it is impossible to conclude that reasonable minds could not differ as to the merits of the zoning change. There is undisputed evidence in the record that the Church's requested zoning change was supported by RLUIPA. Correspondingly, there is no evidence to support Appellants allegation that the zoning amendment was arbitrary and capricious. There is an available remedy for cases where a city council does indeed approve a zoning change in an arbitrary or capricious manner, but where reasonable minds can differ on whether such change has a substantial relationship to the public health, safety, and welfare, there is simply no waiver of governmental immunity.

The bare allegations of an Open Meetings Act violation in Appellants' Motion are also insufficient to establish a waiver of Ponder's immunity. Furthermore, many such allegations are being raised for the first time on appeal. Appellants' pleadings

do not allege sufficient facts to establish a waiver of Ponder's immunity with regard to an Open Meetings Act violation. Furthermore, at the evidentiary hearing in the trial court, Appellants presented absolutely no evidence and made no argument that a violation of the Open Meetings Act had occurred as part of Ponder's approval of the rezoning of the Church's property. As such, the Trial Court did not err in granting Ponder's plea to the jurisdiction.

As to Appellants' third issue in the Motion, Appellants failed to meet their burden to establish a waiver of Ponder's immunity based on a claim pursuant to 42 USC §1983 ("Section 1983"). Even with a generously liberal construction that Appellants' pleadings include a regulatory takings claim, Appellants' pleadings and the evidence in the record do not sufficiently support a viable takings claim. Appellants have no rights or entitlement to zoning of their Church neighbor's property. Further, Appellants' claim under Section 1983 is not ripe because Appellants failed to pursue the available State law remedies, which is a mandatory prerequisite to such a claim. Lastly, as to the actual property owned by Appellants, there is zero evidence in the record that Ponder's approval of a zoning change on the Church's property denied Appellants all economically viable use of their property. Accordingly, Appellants failed to meet their burden to establish the Court's jurisdiction as to their claim under Section 1983.

## II.    ARGUMENT

**A.    Appellants have not and cannot plead the factual applicability of a waiver of Ponder's immunity**

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the state expressly consents to suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The only waiver of immunity as to municipalities under the Declaratory Judgment Act is to determine the validity of an ordinance or franchise. Tex. Civ. Prac. & Rem. Code § 37.007(b); *City of Dallas v. Turley*, 316 S.W.3d 762, 769-71 (Tex. App.—Dallas 2010, pet. denied). Section 154.58(B) of the Ponder Zoning Ordinance provides that the Ponder Zoning Ordinance can be amended by action of the Town Council. C.R. at 306. The Ponder Town Council approved the change in zoning for the Church's property on August 24, 2015. C.R. at 264-66. Based on Section 154.58(B), the Town Council's approval of the Church's requested zoning change is tantamount to the adoption of an ordinance because said approval amended the Ponder Zoning Ordinance. Appellants allege that the zoning change for the Church's property is invalid, but in order to establish the Court's jurisdiction, Appellants still bear the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). For the waiver to be effective, a plaintiff must plead a constitutional or legislative waiver with facts that make the waiver applicable. *See Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598

4

(Tex. 2001) (the pleader must allege facts to demonstrate a valid constitutional claim); *Tex. Ass'n of Bus*, 852 S.W.2d at 446 (the pleader must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause*); See State v. Lueck*, 290 S.W.3d 876, 884 (Tex. 2009) (holding a pleading cannot stand on bare allegations).

A duly adopted zoning approval is presumed to be valid and the burden is on the party seeking to prevent its enforcement to prove that the ordinance is arbitrary or unreasonable in that it bears no substantial relationship to the health, safety, morals or general welfare of the community. *City of Pharr v. Tippitt*, 616 S.W.2d 173, 176 (Tex. 1981). "If reasonable minds may differ as to whether or not a particular zoning ordinance has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the ordinance must stand as a valid exercise of the city's police power." *Id.* (quoting *Hunt v. City of San Antonio*, 462 S.W.2d 536, 539 (Tex.1971)).

Within the context of this case, the requested zoning amendment implicated RLUIPA because the Property in question is used for religious exercise as part of the Church's religious activities. Under RLUIPA, "[n]o government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person,

5

assembly, or institution (A) is in furtherance of a compelling governmental interest; and (B) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C.A. § 2000cc (West).[1] The judiciary is ill-suited to opine on theological matters, and should avoid doing so. *Merced v. Kasson*, 577 F.3d 578, 590 (5th Cir. 2009) (citing *Employment Division, Department of Human Resources v. Smith*, 494 U.S. 872, 887 (1990) ("Repeatedly and in many different contexts, we have warned that courts must not presume to determine the place of a particular belief in a religion or the plausibility of a religious claim.")).

The evidence is undisputed that the Church intends to the use Property for religious exercise. *See* 2 R.R. at 230-41. At the December 30, 2015, hearing in the trial court, the Church's Pastor Jeff Tackett testified that the requested zoning change was motivated by Pastor Tackett's sincere religious convictions and that without the zoning approval, the exercise of those religious beliefs would be substantially burdened. *See* 2 R.R. 240-241. In order for Appellants to prevail on their claim of spot zoning, they must prove that the Town's decision to rezone the Property was arbitrary or unreasonable and that no reasonable minds could differ as to whether the amended zoning ordinance has a substantial relationship to the public health, safety,

---

[1] An analysis under the Texas Religious Freedom and Restoration Act mirrors the Federal standard, using this four-part test: (1) whether the government's regulations burden the plaintiff's free exercise of religion; (2) whether the burden is substantial; (3) whether the regulations further a compelling governmental interest; and (4) whether the regulations are the least restrictive means of furthering that interest. *See  Barr v. City of Sinton*, 295 S.W.3d 287, 299 (Tex. 2009)

morals or general welfare. Given Pastor Tackett's testimony it is impossible for Appellants to ever plead sufficient facts that demonstrate Ponder's Town Council acted arbitrarily when there is a federal mandate that requires the Town not to burden the Church's religious exercise. Consequently, Appellants have not pled a viable spot zoning claim because they can never plea the factual applicability of a waiver of Ponder's immunity. For these reasons, Ponder's immunity from suit is not waived.

**B.    Appellants bare allegations of an Open Meetings Act violation fails to provide the factual applicability of a waiver of Ponder's immunity**

In their Motion, Appellants argue for the first time that Ponder's "Town Council deliberated in closed session without notice and decided by voting or polling in closed session to approve the [zoning] request." Regarding an alleged Open Meetings violation, Appellants' Fourth Amended Petition simply seeks a declaration that the "Town of Ponder's zoning change regarding the Property was procured in whole or in part through violations of the Texas Open Meetings Act[.]" C.R. at 234. Appellants pled no facts to support such a claim. C.R. at 222 – 393. Similarly, at the evidentiary hearing on Ponder's plea to the jurisdiction, Appellants failed to submit any evidence that would support a claim under the Open Meetings Act.

Despite Appellants' assertion to the contrary, sufficient notice of the executive session was posted on the August 24, 2015, agenda. *See* 4 R.R. Exhibit 5 ("The City Council reserves the right to adjourn into executive session at any time during the course of this meeting to discuss any of the matters listed above, as authorized by

7

Texas Government Code Section 551.071 (Consultation with Attorney)"). The Open Meetings Act specifically permits the Ponder Town Council to convene in a closed-door session for private consultation with its attorney "when the governmental body seeks the advice of its attorney about…pending or contemplated litigation[.]" Tex. Gov't. Code § 552.071. A pleading that simply alleges Ponder's Town Council convened in executive session is not a valid waiver of Ponder's immunity.

## C. Appellants failed to allege a viable takings claim

Appellants allege that "Defendant Town of Ponder violated Plaintiffs' Constitutional rights under Section 42 U.S.C. 1983." C.R. at 240. Yet, Appellants have only broadly alleged, without any supporting authority or facts, that the Town violated their property rights and procedural and substantive due process rights. *See* C.R. at 242-44. In reality, the only right that Appellants are truly asserting is that they have the right to the continued non-use of the Church's property and the enforcement of the Town's own ordinances. Appellants simply do not have an entitlement in the zoning of their neighbor's property and have no property interest in the enforcement of the Town's ordinances. *See Summer v. Bd. of Adjustments of the City of Spring Valley Vill*age, No. 01-14-00888-CV, 2015 WL 6163066, at *10-11 (Tex. App. – Houston [1st Dist] Oct. 20, 2015, no pet. history) ( "[t]here is simply no protected property interest in having a zoning ordinance enforced against one's neighbors.").

8

Furthermore, Appellants' Section 1983 claim is not ripe because they have not pursued all State law remedies. For a section 1983 takings claim to be ripe, the property owner must first show that he has unsuccessfully sought compensation for the taking under Article I, section 17 of the Texas Constitution. *See Town of Flower Mound v. Stafford Estates Ltd. P'ship*, 71 S.W.3d 18, 48–49 (Tex. App.—Fort Worth 2002), aff'd, 135 S.W.3d 620 (Tex. 2004). While the two claims may be brought simultaneously, Appellants have not pled a viable regulatory takings claim. Plaintiff's Fourth Amended Petition does not contain any factual allegations that would support a takings claim. C.R. at 235-44.

A compensable regulatory taking may occur when a governmental agency imposes restrictions that either (1) deny landowners of all economically viable use of their property, or (2) unreasonably interfere with landowners' rights to use and enjoy their property. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 935 (Tex. 1998). In determining whether the government has unreasonably interfered with an owner's right to use and enjoy property requires a consideration of two factors: the economic impact of the regulation and the extent to which the regulation interferes with distinct investment-backed expectations. *Id.*

Appellants' pleadings do not allege that Ponder's adoption of the zoning ordinance denied them of all economically viable use of their property or unreasonably interfered with their rights to use and enjoy their property. Appellants'

9

bare allegations that they lost quiet use of their property or that their property values diminished are insufficient regulatory takings allegations. Because Appellants failed to plead a viable regulatory takings claim, the Trial Court did not err in granting Ponder's plea to the jurisdiction.

## III. PRAYER

For each and all of the foregoing reasons, Ponder asks this Court to deny Appellants' Motion for Rehearing and retain its opinion affirming the Trial Court's order granting Ponder's Plea to the Jurisdiction and dismissing all of Appellants' claims with prejudice.

Respectfully submitted,

**BOYLE & LOWRY, L.L.P.**

*/s/ Matthew L. Butler*

Matthew C.G. Boyle
State Bar No. 24001776
mboyle@boyle-lowry.com
Matthew L. Butler
State Bar No. 24073984
mbutler@boyle-lowry.com
4201 Wingren, Suite 108
Irving, Texas 75062
(972)650-7100     Phone
(972)650-7105     Fax

**ATTORNEYS FOR APPELLEE**
**TOWN OF PONDER**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing Response Brief has been sent to the following parties via electronic service on the 19th day of December, 2017.


Robert E. Hager
rhager@njdhs.com
500 N. Akard
Suite #1800
Dallas, Texas  75201
Telephone:  (214) 965-9900
Facsimile:   (214) 965-0010

Gregory J. Sawko
gsawko@dentonlawyer.com
1172 Bent Oaks Drive
Denton, Texas 76210
Telephone: (940) 382-4357
Facsimile: (940) 591-0991

Lance Vanzant
Lvanzant@hbwvlaw.com
Dorwin L. Sargent, III
dsargent@hbwvlaw.com
512 W. Hickory, Suite 100
P.O. Box 50149
Denton, Texas 7620l
940-387-3518 - Tel.
866-546-9247 – Fax


/s/ Matthew L. Butler
Matthew L. Butler